## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

*O8-CR-218*

| United States District Court Middle | District of Pennsylvania | |
|---|---|---|
| Name (under which you were convicted): Carlos Cegledi | | Docket or Case No.: |
| Place of Confinement: L.S.C.I., allenwood | Prisoner No.: 16066-067 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. Carlos Cegledi | | |

*FILED*
*DEC 12 2012*
*PER*
*HARRISBURG, PA*
*DEPUTY CLERK*

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court

   Middle District of Pennsylvania

   228 Walnut Street, Harrisburg, PA 17108

   (b) Criminal docket or case number (if you know): 1:08-CR-00218-SHR-1

2. (a) Date of the judgment of conviction (if you know): 7/23/2010

   (b) Date of sentencing: July 22, 2010

3. Length of sentence: 234 months

4. Nature of crime (all counts): (1) Criminal Attempt and Criminal Conspiracy to distribute and possess with intent to distribute methamphetamine (3) traveling Interstate to facilitate drug trafficking and (4) Use of a communications facility to facilitate the commission of a controlled substance offense.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒        (2) Guilty ☐        (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☒        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9. If you did appeal, answer the following:

(a) Name of court: __Court of Appeals Third Circuit__

(b) Docket or case number (if you know): __10-3254__

(c) Result: __Affirmed__

(d) Date of result (if you know): __8/9/2011__

(e) Citation to the case (if you know): __United States v. Cegledi__

(f) Grounds raised: __(I) Insufficient Evidence   (II) The Court__
__erred at Sentencing   (A) No actual Methamphetamine (B) The__
__P.S.I. improperly assigned a 4 Level Enhancement   (C) The__
__P.S.I. failed to assign 2 points:__

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☒   No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): __11-7291__

(2) Result: __Certiorari Denied__

(3) Date of result (if you know): __12/12/2011__

(4) Citation to the case (if you know): __Cegledi v. United States__

(5) Grounds raised: __Whether Petitioner had a Fifth and Sixth__
__Amendment Right To Effective Assistance of Counsel on__
__a First Appeal As Of Right, to have Counsel of Record__
__Brief all issues on a First Direct Appeal even if in__
__Counsels Opinion the issues have Merit or Not:__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____ **N/A** _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____ **N/A** _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❑  No ❑

(7) Result: _____ **N/A** _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____ **N/A** _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____ **N/A** _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:       Yes ❑   No ❑

(2)  Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly

why you did not: _____ **N/A** _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

GROUND ONE: ___ See attach Ground One _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

                                        See, Attachment Ground One

(b) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

          Yes ❑   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why:  ___ This is a § 2255

          issue Counsel Guillermo Bosh would not file deficient

          performance on himself: _____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

          Yes ❑   No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____ **N/A** _____

   _____

### GROUND ONE

Counsel of record Bosh failed to ensure that Petitioner Cegledi received due process of law pursuant to the Fifth Amendment and Counsel Guillermo Bosh was deficient as counsel in violation of the Sixth Amendment.

Counsel Bosh failed to ensure that due process of law was provided to Petitioner.  In failing to investigate Government's chief witness Antonio Pagan, so that a defense could be prepared as to witness's background and or priors.  Counsel Bosh's failure to investigate this witness caused Petitioner Cegledi extreme prejudice because this type of evidence is impeachment evidence.

It is truly a high probability that if Counsel of Record Bosh would have investigated the Government witness Antonio Pagan, the out come truly would have been different.  This is not second guessing Counsel Bosh, any reasonable competent defense counsel would investigate the one and only Government Informant C. I. Witness.  Counsel Bosh's [deficient performance] was "gross error", and the record as a whole show that trial counsel's overall representation of Petitioner was mechanical and at best perfunctory and ineffective.  Petitioner specifies trial counsel's failure to (1)  Investigate Antonio Pagan to uncover Antonio Pagan's prior background and or prior convictions (2) To prepare a defense as to the impeachment  evidence that would have been discovered through investigation.  At the heart of an effective defense is an adequate investigation. Without sufficient investigation, a defense

Page 5 - i

attorney, no matter how intellegant or persuasive in court, renders deficient performance and jeopardizes his client's defense.  To not prepare is the greatest of crimes.  To be prepared before hand for any contingency is the greatest of virtues.

Petitioner avers  due to counsel's failure to investigate prejudiced Petitioner Cegledi.  If not for the error the outcome would have been different.

The cause prong is satisfied because counsels deficient performance caused Petitioner to not be able to impeach Antonio Pagan at trial concerning his prior convictions and previous background.  Counsel could not properly prepare a defense. The prejudice  prong is satisfied because Petitioner Cegledi lost the Fifth and Sixth Amendment right to show the jury that Antonio Pagan testified falsely.  Taking away the  jury's right to reject all  other  testimony of Antonio Pagan.  To give it no credibility due to Counsel Bosh's deficient performance the conviction must be vacated.

On information and belief, Cegledi states that after Antonio Pagan's guilty plea on October 31, 1994, the court sentenced him on January 13, 1995, to 96 months in BOP, $15,000.00 fine, and 5 years supervised release term (SRT). That conviction was admissable at Cegledi's jury trial, and was not too remote given Pagan's recent releases, at least, by the U.S. Bureau of Prisons. Pagan was released from prison within 10 years of the alleged dates of Cegledi's charged crimes occurring. Additionally, that

same conviction in Puerto Rico was admissable at Cegledi's jury trial and not too remote, since Pagan's SRT was revoked on September 29, 2006, and the court sentenced him to three years consecutive to the sentences in case numbers CR-04-167 and CR-05-102. The Judge signed a judgment on revocation on October 3, 2006. On information and belief, Cegledi states, that after the revocation sentencing, some sealed event occurred whereby the district court entered an order resulting in an earlier release for Pagan from the Bureau of Prisons than was originally ordered by the same court.

On information and belief, Cegledi states that in viola-tion of his right to counsel guaranteed by that clause of the United States Constitution, Amendment Six, defense counsel Bosch failed to properly investigate, learn, and present the evidence to the jury at trial that in addition to his admis-sable prior convictions in cause numbers CR-04-167 and CR-05-102, Antonio Pagan also had a prior admissable felony convic-tion for conspiracy for violating 21 U.S.C. § 841(a) and § 846 in the U.S. District Court, district of Puerto Rico (San Juan) in its case number 3:94-cr-00198-PG6.

On information and belief, Cegledi states that the mis-sing evidence of Antonio Pagan's earlier prior conviction(s) creates a reasonable doubt that does not otherwise exist, for Pagan's "modus operandi" relating to that offense, and his subsequent cooperating with the Government to reduce his

Page 5 - iii

sentence in the earlier case(s). If discovered before Cegledi's convictions by the jury herein, the evidence of each earlier prior conviction would have permitted defense counsel to, at least, inquire of Antonio Pagan that his minimum sentence under 21 U.S.C. § 841(b) was 20 years if the Government moved to enhance his sentence in his pending case in the Eastern District of Pennsylvania. That is a major sentencing benefit that the Government never disclosed to defense counsel or the jury that Pagan had received due to his cooperation against Cegledi and his co-defendants. The defense counsel could have argued that Antonio Pagan had a much greater incentive to not tell the truth during his juried testimony and his earlier debriefs with Government agents and/or prosecutor. Deprivation of this material evidence from each defendant is likely to have affected the outcome of the case.

On information and belief, Cegledi states that but for that defense counsel's above unprofessional omissions and misconduct, there is a reasonable probability or likelihood that (a) Government counsel or defense counsel Bosch would have impeached Antonio Pagan with that prior conviction in the above federal case in Puerto Rico; (b) government counsel or defense counsel Bosch would have impeached Antonio Pagan with the prior convictions in the above cases numbered CR-04-167 and CR-05-102; (c) the court would have been obligated to not remove from the jury's use the court charge instruction on the prior

Page 5 - iv

convictions of Antonio Pagan; and (d) this jury trial would have resulted in a different outcome, when the jury weighed the credibility of Antonio Pagan's testimony under the correct jury instruction on his prior conviction(s).

On information and belief, Cegledi states that his challenged defense counsel's performance was not reasonably effective and so undermined the proper functioning of the adversary process that the trial cannot be relied on as having produced a just result. Due to those professional inadequacies, counsel Bosch deprived Cegledi of his rights to assistance of counsel and to confrontation of his accuser that are guaranteed by the United States Constitution, Amendment Six. But for that defense counsel's misconduct, there is a reasonable probability or likelihood that this jury trial would have resulted in a different outcome, after the jury weighed the credibility of Antonio Pagan under the correct jury instructions on his prior conviction(s).

Exhibit
GROUND 1                                                            1

CLOSED, FRC

## United States District Court
### District of Puerto Rico (San Juan)
### CRIMINAL DOCKET FOR CASE #: 3:94-cr-00198-PG-6

Case title: USA v. Arroyo-Ramirez, et al

Date Filed: 06/28/1994
Date Terminated: 01/13/1995

Assigned to: Juan M Perez-Gimenez

Appeals court case number: '06-2637'                          Open

### Defendant (6)

**Antonio Pagan**                      represented by   **Antonio Pagan**
*TERMINATED: 01/13/1995*                                Reg. No. 09950-069
*also known as*                                         Calle 37 Casa #974
Chiri                                                   Berdemar, Punta Santiago
                                                        Humacao, PR 00741-5000
                                                        PRO SE

                                                        **Juan F. Matos-De-Juan**
                                                        PMB 638 Road 19, #1353
                                                        Garden Hills Plaza
                                                        Guaynabo , PR 00966
                                                        787-509-2335
                                                        Email: matosdejuan@gmail.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: CJA Appointment*

### Pending Counts                                      ### Disposition

                                                        Ct 1: impr for 96 mos. SRT of 5 yrs.
                                                        Fine $15,000 w/interest during the
                                                        period of supervision. SMA of $50. Cts
                                                        1,8-12: dismissed. Judgment on
21:846: CONSPIRACY TO PWID                              Revocation: Imprisonment for a term of
COCAINE, SCH II.                                        3yrs to be served consecutively to the
(1)                                                     sentences imposed in Cr 04-167 (DRD)
                                                        and Cr 05-102(JAG). As the statutory
                                                        imprisonment term was imposed, no
                                                        additional term of supervision will be
                                                        imposed.

<u>**Highest Offense Level (Opening)**</u>
Felony

| <u>**Terminated Counts**</u> | <u>**Disposition**</u> |
|---|---|
| 21:841(a)(1), 18:2: A/A PWID COCAINE, SCH II. (4) | DISMISSED |
| 21:841(a)(1), 18:2: A/A PWID COCAINE, SCH II. (8-12) | DISMISSED |

<u>**Highest Offense Level (Terminated)**</u>
Felony

| <u>**Complaints**</u> | <u>**Disposition**</u> |
|---|---|
| None | |

<u>**Interested Party**</u>

**US Pretrial Services**

<u>**Interested Party**</u>

**US Probation Officer**

<u>**Interested Party**</u>

**US Probation**

<u>**Plaintiff**</u>

**USA**                                          represented by **Esther Castro-Schmidt**
                                                                239 Arterial Hostos Suite 305
                                                                Capital Center Building South Tower
                                                                San Juan , PR 00918-1476
                                                                787-250-1420
                                                                Fax: 787-763-3286
                                                                Email: ecastrolaw@gmail.com
                                                                *TERMINATED: 09/04/2001*
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Lynn M. Doble-Salicrup**

3

LDS Law
PO Box 17146
Denver , CO 80217
305-995-8040
Email: ldslaw@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sonia I. Torres-Pabon**
McConnell Valdes
P.O. Box 364225
San Juan , PR 00936-4225
787-250-2628
Fax: 787-474-9231
Email: st@mcvpr.com
*TERMINATED: 08/11/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

/

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/1994 | 1 | MOTION by USA as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez to Seal Case (np) (Entered: 07/11/1994) |
| 06/28/1994 | | ENDORSED ORDER as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez granting [1-1] motion to Seal Case as to Ramon Arroyo-Ramirez (1), Roberto Rivera-Ortiz (2), Sebastian Arroyo-Flores (3), Anibal Roman-Carlo (4), Victor A. Ramirez-de-Arellano (5), Antonio Pagan (6), Perry Omar Carlo (7), Ferdinand Padilla-Troche (8), Jose Luis Velez-Carrero (9), Jaime Hernandez-Velez (10) ( Entered by Magistrate Judge Aida M. Delgado-Colon ) (np) (Entered: 07/11/1994) |
| 06/28/1994 | 2 | INDICTMENT as to Ramon Arroyo-Ramirez (1) count(s) 1, 2-5, 8, 9, 11-12, Roberto Rivera-Ortiz (2) count(s) 1, 2, 5, Sebastian Arroyo-Flores (3) count(s) 1, Anibal Roman-Carlo (4) count(s) 1, Victor A. Ramirez-de-Arellano (5) count(s) 1, 3, Antonio Pagan (6) count(s) 1, 4, 8-12, Perry Omar Carlo (7) count(s) 1, 6, Ferdinand Padilla-Troche (8) count(s) 1, 7, Jose Luis Velez-Carrero (9) count(s) 9-10, Jaime Hernandez-Velez (10) count(s) 9, 12 (U.S. Attorney Esther Castro-Schmidt) (np) (Entered: 07/11/1994) |
| 06/28/1994 | 3 | Minute entry as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez : RETURN OF INDICTMENT BY THE GJ. Defts have not appeared bef US Mag. WA to be issued. ( Magistrate Judge Aida M. Delgado-Colon ) (np) (Entered: 07/11/1994) |

4

| Date | No. | Description |
|------|-----|-------------|
| 06/29/1994 | | ARREST WARRANT issued as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez (np) (Entered: 07/12/1994) |
| 07/01/1994 | 4 | MOTION by USA as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez to detain without bail pending detention hrg (np) (Entered: 07/11/1994) |
| 07/01/1994 | | ARREST of Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez (np) (Entered: 07/12/1994) |
| 07/01/1994 | | Initial appearance as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez held before Mag Judge Jesus A. Castellanos Arraignment set for 9:00 7/7/94 for Sebastian Arroyo-Flores; Detention set for 3:00 7/5/94 for Ramon Arroyo-Ramirez, for Roberto Rivera-Ortiz, for Sebastian Arroyo-Flores, for Victor A. Ramirez-de-Arellano, for Antonio Pagan, for Perry Omar Carlo, for Ferdinand Padilla-Troche, for Jose Luis Velez-Carrero, for Jaime Hernandez-Velez (Defendant informed of rights.) (np) (Entered: 07/12/1994) |
| 07/01/1994 | 5 | Minute entry as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez : INITIAL APPEARANCE CALLED. Appointment of FPD to represent deft Sebastian Arroyo, and CJA for the rest. Bond set at $10,000 cash/sec. until 7/6/94 to post bond. ( Mag Judge Jesus A. Castellanos ) (np) (Entered: 07/12/1994) |
| 07/01/1994 | 6 | ARREST WARRANT Returned Executed as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez on 7/1/94 (np) (Entered: 07/12/1994) |
| 07/01/1994 | 8 | ORDER OF TEMPORARY DETENTION pending hrg pursuant to bail reform act as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Victor A. Ramirez-de-Arellano, Antonio Pagan, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez ( Signed by Mag Judge Jesus A. Castellanos ) (np) (Entered: 07/12/1994) |
| 07/01/1994 | 13 | CJA 20 as to Antonio Pagan : Appointment of Attorney Juan F. Matos-de-Juan Voucher # 0403259 (Clerk) (np) (Entered: 07/12/1994) |
| 07/05/1994 | | Arraignment as to Ramon Arroyo-Ramirez, Victor A. Ramirez-de-Arellano, Antonio Pagan, Jaime Hernandez-Velez held before Mag Judge Jesus A. Castellanos (np) (Entered: 07/12/1994) |

| 07/05/1994 | 19 | Minute entry as to Antonio Pagan : ARRAIGNMENT called. PONG ent'd as to cts 1,4,8,9-12. Deft comm. DETENTION hrg called. Matter of bail u/adv. ( Mag Judge Jesus A. Castellanos ) (np) (Entered: 07/12/1994) |
| --- | --- | --- |
| 07/05/1994 | | Detention hearing as to Ramon Arroyo-Ramirez, Victor A. Ramirez-de-Arellano, Antonio Pagan, Jaime Hernandez-Velez held before Mag Judge Jesus A. Castellanos (np) (Entered: 07/12/1994) |
| 07/06/1994 | 33 | ORDER Setting Conditions of Release as to Antonio Pagan Bond set to $75,000 . Curfew from 6pm to 6am ( Signed by Mag Judge Jesus A. Castellanos ) (Original in Vault) S/C: AUSA, USM, PTS, USPO, DFT (np) (Entered: 07/12/1994) |
| 07/20/1994 | 65 | Agreement to Forfeit Property by Antonio Pagan (originals in vault) (House on 354.47 at 290 A-32 St. Hills Brothers) (np) (Entered: 07/21/1994) |
| 07/20/1994 | 66 | Agreement to Forfeit Property by Antonio Pagan (originals in vault) (House on 305.50 at 37 St. #947, Verde Mar, Humacao) (np) (Entered: 07/21/1994) |
| 07/20/1994 | 67 | APPEARANCE BOND entered by Antonio Pagan in Amount $75,000 sec by real estate (Originals in Vault) (np) (Entered: 07/21/1994) |
| 07/20/1994 | 68 | ORDER Setting Conditions of Release as to Antonio Pagan Bond set to $75,000 for Antonio Pagan. ( Signed by Mag Judge Jesus A. Castellanos ) (Original in Vault) S/C: AUSA, USM, PTS, USPO, DFT (np) (Entered: 07/21/1994) |
| 07/20/1994 | 74 | Minute entry as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez :, set Status Conference for 2:00 7/28/94 before Judge Juan M. Perez-Gimenez ( Judge Juan M. Perez-Gimenez ) (np) (Entered: 07/22/1994) |
| 07/21/1994 | | **Set magistrate flag to JAC. (np) (Entered: 07/21/1994) |
| 07/28/1994 | | Status conference as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez held before Judge Juan M. Perez-Gimenez (ma) (Entered: 08/02/1994) |
| 07/28/1994 | 79 | Minute entry as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Omar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez : S/C called. This case is related to 94-197 & 94-199. Discovery to be provided within the next 2 wks. ETL is 1 1/2 wks. Several preliminary plea negotiations have been discussed. set pretrial Motion Filing deadline to 8/26/94 ( Judge Juan M. Perez-Gimenez ) (ma) (Entered: 08/02/1994) |
| 08/04/1994 | | **Setting Judge flag. Sealed mot ref to PG. (ma) (Entered: 08/04/1994) |
| 08/05/1994 | | **Setting Judge flag. Pending disc mots ref to PG. (ma) (Entered: 08/05/1994) |

| | | |
|---|---|---|
| 08/23/1994 | 103 | MOTION by Antonio Pagan requesting order in re: designation of term of discovery, not allowing the USA to present additional evidence, etc (np) Modified on 08/24/1994 (Entered: 08/24/1994) |
| 08/26/1994 | | ENDORSED ORDER as to Antonio Pagan [103-1] motion requesting order in re: designation of term of discovery, not allowing the USA to present additional evidence, etc Noted, the govt shall supplement its discovery by 8/31/94. Deft will have 15 days thereafter to file mots. The Court will not preclude the govt from presenting any evidence at this time. ( Entered by Judge Juan M. Perez-Gimenez ) (np) (Entered: 08/29/1994) |
| 09/08/1994 | 106 | MOTION by Antonio Pagan requesting designation of term . Response due 9/21/94 (np) (Entered: 09/09/1994) |
| 09/08/1994 | 107 | MOTION by Antonio Pagan for Discovery , for discov under Rule 16 , for Government Agency to retain rough notes , for Brady and Giglio Material , for designation of evid under Rule 12(D)(2) , for production of Jencks material in advance of trial , for an opportunity to interview goverment informants , that the govt be required to disclose its intent to introduce evid under 404(b) . Response due 9/21/94 (np) (Entered: 09/09/1994) |
| 09/13/1994 | | **Set magistrate flag to JA. (np) (Entered: 09/13/1994) |
| 09/15/1994 | | **Remove magistrate flag. (np) (Entered: 09/15/1994) |
| 09/15/1994 | | Courtroom deputy (np) (Entered: 09/15/1994) |
| 09/15/1994 | 118 | MINUTES of Setting as to all defts: set Status Conference for 9:00 9/23/94 before Judge Juan M. Perez-Gimenez Judge Juan M. Perez-Gimenez (np) (Entered: 09/19/1994) |
| 09/23/1994 | 120 | RESPONSE by USA as to Antonio Pagan in opposition to [107-1] motion for Discovery, [107-2] motion for discov under Rule 16, [107-3] motion for Government Agency to retain rough notes, [107-4] motion for Brady and Giglio Material, [107-5] motion for designation of evid under Rule 12(D)(2), [107-6] motion for production of Jencks material in advance of trial, [107-7] motion for an opportunity to interview goverment informants, [107-8] motion that the govt be required to disclose its intent to introduce evid under 404(b) (np) (Entered: 09/26/1994) |
| 09/23/1994 | | Status conference as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Homar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez held before Judge Juan M. Perez-Gimenez (np) (Entered: 09/28/1994) |
| 09/23/1994 | 121 | Minute entry as to all defendants : FURTHER SC called. The govt has provided open file discov. Motion for discov #107 counsel is to review w/the govt the discov he has, and determine the discov he lacks. Mooting [106-1] motion requesting designation of term as to Antonio Pagan (6), set Status Conference for 9:00 10/4/94 before Judge Juan M. Perez-Gimenez ( Judge Juan M. Perez-Gimenez ) (np) (Entered: 09/28/1994) |
| 10/04/1994 | | Status conference as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, |

| | | |
|---|---|---|
| | | Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Homar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez held before Judge Juan M. Perez-Gimenez (np) (Entered: 10/11/1994) |
| 10/04/1994 | 124 | Minute entry as to all defts: STATUS conf called. All discovery available has been provided. Some tentative agreements have been worked out with some defts. Informant does not want to talk w/defense counsel. An interview is to be set up wherein he will either change his mind and talk to them or inf them that he will not. The same is granted w/the caveat that the interview is to take place at least 2 weeks prior to trial in this case. set Jury Trial for 9:00 10/31/94 before Judge Juan M. Perez-Gimenez The ELT is one week. ( Judge Juan M. Perez-Gimenez ) (np) (Entered: 10/11/1994) |
| 10/12/1994 | | **Set magistrate flag to JA as per order of PG's chambers. (np) (Entered: 10/12/1994) |
| 10/13/1994 | | ENDORSED ORDER as to Antonio Pagan [107-1] motion for Discovery, Noted; granting [107-2] motion for discov under Rule 16 except for m,n,q and s ; granting [107-3] motion for Government Agency to retain rough note; granting [107-4] for Brady and Giglio Material ; granting [107-5] motion for designation of evid under Rule 12(D)(2); denying [107-6] motion production of Jencks material in advance of trial ; granting as to participating informants and denied as to "unindicted codeft" at a reasonable time prior to trial [107-7] motion for an opportunity to interview goverment informants; granting [107-8] motion that the govt be required to disclose its intent to introduce evid under 404(b) as to ( Entered by Magistrate Justo Arenas ) (np) (Entered: 10/14/1994) |
| 10/28/1994 | 143 | MOTION by Antonio Pagan for change of plea (np) (Entered: 10/31/1994) |
| 10/31/1994 | 155 | PETITION to Enter PLEA OF GUILTY by Antonio Pagan (np) (Entered: 11/01/1994) |
| 10/31/1994 | 156 | Plea Agreement as to Antonio Pagan (np) (Entered: 11/01/1994) |
| 10/31/1994 | 157 | Minute entry as to Antonio Pagan : COP hrg called. PONG w/d; POG ent'd as to ct 1. PSR req. Deft remains same cond of release. set Sentencing for 9:30 1/13/95 for Antonio Pagan ( Judge Juan M. Perez-Gimenez ) (np) (Entered: 11/01/1994) |
| 10/31/1994 | | PLEA of Guilty: Antonio Pagan (6) count(s) 1 ; Court accepts plea. (np) (Entered: 11/01/1994) |
| 10/31/1994 | | Change of Plea Hearing as to Antonio Pagan held before Judge Juan M. Perez-Gimenez (np) (Entered: 11/01/1994) |
| 11/07/1994 | 177 | ORDER as to Ramon Arroyo-Ramirez, et al filing the instructions given in this case after having discussed them w/the attys of record. ( Signed by Judge Juan M. Perez-Gimenez ) (np) (Entered: 11/23/1994) |
| 12/08/1994 | 182 | MOTION by Antonio Pagan to Modify Conditions of Release (mi) (Entered: 12/09/1994) |

| | | |
|---|---|---|
| 01/04/1995 | 193 | PRESENTENCE INVESTIGATION REPORT with transmittal memo (Sealed) as to Antonio Pagan (np) (Entered: 01/05/1995) |
| 01/13/1995 | | Sentencing held before Judge Juan M. Perez-Gimenez Antonio Pagan (6) count(s) 1 (np) (Entered: 01/20/1995) |
| 01/13/1995 | 207 | Minute entry as to Antonio Pagan : SENTENCE called & imposed. Voluntary surrender gtd. ( Judge Juan M. Perez-Gimenez ) (np) (Entered: 01/20/1995) |
| 01/13/1995 | | DISMISSAL of Count(s) on Government Motion as to Antonio Pagan Terminated motions [182-1] motion to Modify Conditions of Release as to Antonio Pagan (6), [143-1] motion for change of plea as to Antonio Pagan (6) Counts Dismissed: Antonio Pagan (6) count(s) 4, 8-12 (np) (Entered: 01/20/1995) |
| 01/13/1995 | 208 | JUDGMENT Antonio Pagan (6) count(s) 1, 4 , 8 -12 . Ct 1: impr for 96 mos. SRT of 5 yrs. Fine $15,000 w/interest during the period of supervision. SMA of $50. Cts 4,8-12: dismissed. ( Signed by Judge Juan M. Perez-Gimenez ) (np) (Entered: 01/20/1995) |
| 01/19/1995 | 217 | ORDER as to Ramon Arroyo-Ramirez, Anibal Roman-Carlo, Antonio Pagan, Perry Homar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez returning the PSR to USPO. (CLERK) 1/20/95 ACKNOWLEDGMENT by USPO. (np) (Entered: 01/31/1995) |
| 02/10/1995 | 227 | Copy of Receipt # 75352 as to Antonio Pagan in the amount of $50 re: SMA (np) (Entered: 02/13/1995) |
| 02/21/1995 | 232 | CJA 20 Authorization to pay Juan F. Matos-de-Juan for defendant Antonio Pagan , Amount: $ 3,021. Voucher # 0403259 (Clerk) (il) (Entered: 02/23/1995) |
| 03/08/1995 | 235 | Judgment Returned Executed as to Antonio Pagan on 2/21/95 (Eglin, FL) (np) (Entered: 03/09/1995) |
| 03/23/1995 | 237 | Judgment Returned Executed as to Antonio Pagan ; on 2/21/95 on Eglin, FL. Voluntary surrender (np) (Entered: 03/27/1995) |
| 06/09/1995 | | **Setting File flag. (su) (Entered: 06/09/1995) |
| 09/07/1995 | | **Setting Judge flag Vol III. (mi) (Entered: 09/07/1995) |
| 10/05/1995 | | **Setting File flag Vol III. (mi) Modified on 10/05/1995 (Entered: 10/05/1995) |
| 10/23/1995 | 251 | Notice of Satisfaction of SMA by USA as to Antonio Pagan (mr) (Entered: 10/25/1995) |
| 10/25/1995 | | Satisfaction of SMA Entered as to Antonio Pagan (mr) (Entered: 10/25/1995) |
| 06/05/1996 | 258 | MOTION by Antonio Pagan to request order to be granted credit for time on bond as "in custody" time (mr) (Entered: 06/06/1996) |
| 06/07/1996 | | ENDORSED ORDER as to Antonio Pagan denying [258-1] motion to request order to be granted credit for time on bond as "in custody" time as to Antonio |

9

| | | |
|---|---|---|
| | | Pagan (6) ( Entered by Judge Juan M. Perez-Gimenez ) (mr) (Entered: 06/10/1996) |
| 07/01/1996 | 260 | MOTION by Antonio Pagan to request modification of sentence under 18:3582(c)(2) (mr) (Entered: 07/02/1996) |
| 07/09/1996 | | ENDORSED ORDER as to Antonio Pagan denying [260-1] motion to request modification of sentence under 18:3582(c)(2) as to Antonio Pagan (6) ( Entered by Judge Juan M. Perez-Gimenez ) (mr) (Entered: 07/11/1996) |
| 10/14/1997 | 276 | MOTION by Antonio Pagan to request copies of the docket sheet, plea agreement and transcripts of the COP and sentencing hrgs (mr) (Entered: 10/17/1997) |
| 10/21/1997 | | ENDORSED ORDER as to Antonio Pagan granting [276-1] motion to request copies of the docket sheet, plea agreement and transcripts of the COP and sentencing hrgs as to Antonio Pagan (6) ( Entered by Judge Juan M. Perez-Gimenez ) (mr) (Entered: 10/22/1997) |
| 10/22/1997 | | Docket entry #276 referred to File Clerk for copies (mr) (Entered: 10/22/1997) |
| 01/26/1998 | 279 | TRANSCRIPT filed in case as to Antonio Pagan for COP hrg held on 10/31/94 (mr) (Entered: 01/26/1998) |
| 05/18/1998 | 280 | Informative Motion by Antonio Pagan re: dft's change of address (kd) (Entered: 05/19/1998) |
| 04/26/1999 | 285 | SECOND MOTION by Antonio Pagan to request copies of the plea agreement, sentencing transcripts, COP transcript and docket sheet (with attachments) (mr) (Entered: 04/27/1999) |
| 04/29/1999 | | ENDORSED ORDER as to Antonio Pagan granting [285-1] motion to request copies of the plea agreement, sentencing transcripts, COP transcript and docket sheet as to Antonio Pagan (6) ( Entered by Judge Juan M. Perez-Gimenez ) (mr) (Entered: 04/30/1999) |
| 08/15/2001 | 287 | MOTION by Antonio Pagan pro se to request order to suspend fine imposed . Response due 8/28/01 (ni) (Entered: 08/16/2001) |
| 09/04/2001 | 288 | RESPONSE by USA as to Antonio Pagan in opposition to [287-1] motion to request order to suspend fine imposed (ni) (Entered: 09/06/2001) |
| 11/29/2001 | 289 | NOTICE of change of address by Antonio Pagan (ni) (Entered: 11/29/2001) |
| 02/14/2002 | | ENDORSED ORDER as to Antonio Pagan granting [288-1] opposition response ( Entered by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 02/14/2002) |
| 02/14/2002 | | ENDORSED ORDER as to Antonio Pagan denying [287-1] motion to request order to suspend fine imposed as to Antonio Pagan (6) ( Entered by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 02/14/2002) |
| 04/08/2002 | 290 | Copy of Receipt # 125633 as to Antonio Pagan in the amount of $ 50.00 re: Fine (ni) (Entered: 04/09/2002) |

| | | |
|---|---|---|
| 05/16/2002 | 291 | Copy of Receipt # 126999 as to Antonio Pagan in the amount of $ 50 re: fine (np) (Entered: 05/20/2002) |
| 06/05/2002 | | CASE REFERRED TO FEDERAL RECORDS CENTER. ACC.021 - 02-0332 Box 15 (fg) (Entered: 10/09/2003) |
| 07/30/2002 | 292 | Copy of Receipt # 128637 as to Antonio Pagan in the amount of $ 50.00 re: Fine (ni) (Entered: 07/31/2002) |
| 09/06/2002 | 293 | Copy of Receipt # 129745 as to Antonio Pagan in the amount of $ 50.00 re: Fine (ja) (Entered: 09/09/2002) |
| 09/09/2002 | 294 | Copy of Receipt # 129803 as to Antonio Pagan in the amount of $ 50.00 re: 129803 (ct) (Entered: 09/10/2002) |
| 10/24/2002 | 295 | Copy of Receipt # 131412 as to Antonio Pagan in the amount of $ 20.00 re: Fine (ov) (Entered: 10/28/2002) |
| 12/04/2002 | 296 | Copy of Receipt # 132278 as to Antonio Pagan in the amount of $ 20.00 re: Fine (ni) (Entered: 12/10/2002) |
| 02/03/2003 | 297 | Copy of Receipt # 133535 as to Antonio Pagan in the amount of $ 20 re: SMA (ni) (Entered: 02/05/2003) |
| 02/19/2003 | 298 | Copy of Receipt # 134194 as to Antonio Pagan in the amount of $ 20.00 re: Fine (ni) (Entered: 02/21/2003) |
| 04/02/2003 | 299 | Copy of Receipt # 135251 as to Antonio Pagan in the amount of $ 20.00 re: FINE (re) (Entered: 04/03/2003) |
| 06/04/2004 | 300 | INFORMATIVE motion by US Probation Officer as to Antonio Pagan. (U.S. Probation Officer, Gonzalez) (Entered: 06/04/2004) |
| 06/09/2004 | 301 | ORDER as to Antonio Pagan re noting 300 INFORMATIVE motion filed by US Probation Officer . Signed by Judge Juan M Perez-Gimenez on 06/09/04. (mt, ) (Entered: 06/09/2004) |
| 01/24/2005 | 302 | NOTICE of Satisfaction of SMA by USA *and of Fine* as to Antonio Pagan (Attachments: # 1 Proposed order)(Vargas-Vera, Rebecca) (Entered: 01/24/2005) |
| 01/28/2005 | 303 | ORDER as to Antonio Pagan re 302 Notice of Satisfaction of SMA by USA . Signed by Clerk on 1/28/05. (ni, ) (Entered: 01/28/2005) |
| 02/01/2005 | | ORDER as to Antonio Pagan granting re 302 Notice of Satisfaction of SMA & FINE by USA.Signed by Clerk on 2/1/05. (ne, ) (Entered: 02/01/2005) |
| 07/18/2005 | 304 | Motion for Some Disposition by US Probation Officer Benjamin Bonilla as to Antonio Pagan.(U.S. Probation Officer, Bonilla) (Entered: 07/18/2005) |
| 07/19/2005 | 305 | ORDER noted 304 Informative Motion as to Antonio Pagan (6). Signed by Judge Juan M. Perez-Gimenez on 7/19/05. (mt, ) (Entered: 07/19/2005) |
| 08/11/2005 | 306 | NOTICE OF ATTORNEY APPEARANCE Lynn M. Doble-Salicrup, Lynn M. Doble-Salicrup appearing for USA. (Doble-Salicrup, Lynn) (Entered: 08/11/2005) |

| | | |
|---|---|---|
| 07/26/2006 | 307 | Motion Informing Conviction in New Federal Cases and Requesting Issuance of a Summons for an Order to Show Cause Hearing as to Antonio Pagan by US Probation Office. (Attachments: # 1 Text of Proposed Order) (U.S. Probation Officer, Bonilla) (Entered: 07/26/2006) |
| 08/31/2006 | 308 | ORDER granting 307 Motion to Show Cause re Revocation of Supervised Release as to Antonio Pagan (6). Signed by Judge Juan M Perez-Gimenez on 8/31/06. (mt, ) (Entered: 08/31/2006) |
| 09/06/2006 | 309 | ORDER TO SHOW CAUSE as to Antonio Pagan. **Show Cause Hearing set for 9/22/2006 09:00 AM in PG's Courtroom before Judge Juan M Perez-Gimenez.** Signed by Senior Judge Juan M Perez-Gimenez on 8/31/06. (sr, ) (Entered: 09/06/2006) |
| 09/06/2006 | 310 | *RESTRICTED* Summons Issued as to Antonio Pagan (sr, ) (Entered: 09/06/2006) |
| 09/22/2006 | 311 | Minute Entry for proceedings held before Judge Juan M Perez-Gimenez as to Antonio Pagan:AUSA-Dina Avila and atty Juan Matos de Juan were present. Case called for Final Revocation Hearing of SRT. Defense counsel informs that this defendant is presently suffering from a serious of medical ailments of which atty Hector Deliz, who represents defendant in two other cases, is very aware. Atty Deliz, who is present in court, is more familiar with the defendant's present condition and of what lead defendant to this predicament. Counsel are not ready for today's hearing therefore request a continuance. Atty Matos requests that atty Deliz continue with the defendant's representation. The Court continues today's hearing and instructs both attorneys to be present next Friday. **Hearing re Revocation of Supervised Release reset for 9/29/2006 at 10:00 AM before Judge Juan M Perez-Gimenez.** (Court Reporter Joyce Del Valle.) (ja, ) (Entered: 09/25/2006) |
| 09/29/2006 | 312 | Minute Entry for proceedings held before Judge Juan M Perez-Gimenez :Final Hearing re Revocation of Supervised Release as to Antonio Pagan held on 9/29/2006. AUSA-Dina Avila and attys Hector Deliz and Juan Matos de Juan. The defendant accepts allegations of the Probation Officer as cited in motion filed on June 4 and July 19, 2005. Defendant moves for a sentence concurrent to the other sentence in CR 04-167 (DRD) and in Cr 05-102 (JAG). The govt states objection for the record. The Court after hearing the parties, revokes the SRT imposed on 1/13/05 and sentences the deft to a term of imprisonment of 3yrs consecutive to sentences in Cr 04-167 and Cr 05-102. (Court Reporter Joyce Del Valle.) (ja, ) (Entered: 10/03/2006) |
| 10/03/2006 | 313 | JUDGMENT ON REVOCATION as to Antonio Pagan-Batista: Imprisonment for a term of 3yrs to be served consecutively to the sentences imposed in Cr 04-167 (DRD) and Cr 05-102(JAG). As the statutory imprisonment term was imposed, no additional term of supervision will be imposed.; Count(s) 4, 8-12, DISMISSED . Signed by Judge Juan M Perez-Gimenez on 10/3/06. (ja, ) (Entered: 10/11/2006) |
| 10/23/2006 | 314 | NOTICE OF APPEAL by Antonio Pagan re 313 Judgment on Revocation, **Appeal Record due by 11/6/2006.** (Matos-De-Juan, Juan) (Entered: 10/23/2006) |

| 10/30/2006 | 315 | Order Returning PSI to USPO as to Antonio Pagan . Signed by Clerk on 10-23-06. (jp, ) (Entered: 10/30/2006) |
| 11/15/2006 | 316 | Certified and Transmitted Record on Appeal as to Antonio Pagan to US Court of Appeals re 314 Notice of Appeal - Final Judgment (Dkts. 307-315) (xi, ) (Entered: 11/15/2006) |
| 01/24/2007 | 318 | USCA Case Number as to Antonio Pagan 06-2637 for 314 Notice of Appeal - Final Judgment filed by Antonio Pagan. (xi, ) (Entered: 01/24/2007) |
| 03/21/2007 | 319 | MOTION to Withdraw as Attorney by USA as to Ramon Arroyo-Ramirez, Roberto Rivera-Ortiz, Sebastian Arroyo-Flores, Anibal Roman-Carlo, Victor A. Ramirez-de-Arellano, Antonio Pagan, Perry Homar Carlo, Ferdinand Padilla-Troche, Jose Luis Velez-Carrero, Jaime Hernandez-Velez. (Torres-Pabon, Sonia) (Entered: 03/21/2007) |
| 03/22/2007 | 321 | ORDER granting 319 Motion to Withdraw as Attorney. as to Ramon Arroyo-Ramirez (1), Roberto Rivera-Ortiz (2), Sebastian Arroyo-Flores (3), Anibal Roman-Carlo (4), Victor A. Ramirez-de-Arellano (5), Antonio Pagan (6), Perry Homar Carlo (7), Ferdinand Padilla-Troche (8), Jose Luis Velez-Carrero (9), Jaime Hernandez-Velez (10). Signed by Judge Juan M Perez-Gimenez on 3/22/07. (mt, ) (Entered: 03/22/2007) |
| 05/15/2007 | 322 | TRANSCRIPT of Continuation of Final Revocation Hearing Proceedings as to Antonio Pagan held on September 29, 2006 before Senior Judge Juan M. Perez Gimenez. Court Reporter: Joyce Del Valle. (af, ) (Entered: 05/17/2007) |
| 05/18/2007 | 323 | Transmitted Supplemental Record on Appeal as to Antonio Pagan re 314 Notice of Appeal - Final Judgment (Dkt. 322/Transcript) (xi, ) (Entered: 05/18/2007) |
| 09/10/2007 | 324 | Transmitted Supplemental Record on Appeal as to Antonio Pagan re 314 Notice of Appeal - Final Judgment (Dkt. 193/PSR) (xi, ) (Entered: 09/10/2007) |
| 12/20/2007 | | Appeal Record Returned as to Antonio Pagan: 314 Notice of Appeal (Dkts. 307-315, Transcript #322 & PSR)(xi) (Entered: 12/20/2007) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 05/11/2010 20:14:24 | | |
| PACER Login: | ce2348 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:94-cr-00198-PG |
| Billable Pages: | 9 | Cost: | 0.72 |

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____ **N/A** _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑    No ❑      **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:      **N/A**

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____ **N/A** _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____ **N/A** _____

_____

_____

_____

_____

GROUND TWO: _____ See attachment Ground Two _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____See, Attachment Ground Two_____

### GROUND TWO

The Government committed a Giglio Error, that resulted
in perjured testimony of Government's  main witness the Petit-
ioner was prejudiced by the Government's actions and Counsel of
Record Guillermo Bosh was deficient as Counsel of Record for
not objecting and addressing this substantial rights violation
in the Rule 29 Motion and on Direct Appeal, prejudice the out-
come     surely would have been different.

The Petitioner avers that Giglio Error is a species of
Brady error that occurs when the undisclosed evidence demonstrates
that the prosecutor's case included perjured testimony and that
the prosecution knew, or should have known, of the perjury, "false
testimony" surfaced during trial about the Government's main
witness prior criminal history.  The Government failed to dic-
close the evidence that shows Antonio Pagan had a  prior conviction.
Moreover, during trial it came out under cross that Antonio Pagan
was selling cocaine and firearms, while out  on bond from being
indicted and charged with a drug crime, and acting as a Govern-
ment Informant.  The Government  failed to disclose this evidence
also.  Pagan when ask under direct examination by A.U.S.A.
Christy Fawcett that prior to April 8th, 2008, had he Pagan been
charged with a crime, Pagan said [no].  When first asked under
cross examination if he Pagan was selling drugs while on bond
from being indicted and arrested for a non-related matter while
working as a Confidential Informant, Pagan stated no at first.

Page 6 - i

On information and belief, Cegledi states that the Government also violated its due process and confrontation access obligations under the United States Constitution, Amendments Five and Six under **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); **United States v. Agurs**, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (duty to disclose not limited to case where request is made if evidence is material, i.e., "if omitted evidence creates a reasonable doubt that did not otherwise exist. No denial of fair trial here); and **United States v. Bagley**, 473 U.S. 667, 105 S. Ct. 3375, 87 L.Ed.2d 481 (1985) (impeaching as well as exculpatory evidence is favorable to the accused under **Brady v. Maryland**, 373 U.S. 83 (1963)).

On information and belief, Cegledi states that though the Government was obligated to disclose all material impeachment information to defense counsel under the due process clause of the United States Constitution, Amendment Five, the Government failed to properly investigate and disclose all such impeachment evidence to any defense counsel before or during the jury trial of Cegledi and his co-defendants, for in addition to the recent guilty plea in the United States District Court for the Eastern District of Pennsylvania, Antonio Pagan also had a prior admissable felony conviction for conspiracy for violating 21 U.S.C. § 841(a) and § 846 in the U.S. District court, District of Puerto Rico (San Juan) in its case number 3:94-cr-

00198-PG6. due to this prosecution misconduct, the Government deprived Cegledi of the opportunity to have counsel Bosch render the effective assistance of counsel and to adequate confront Cegledi's accuser, Antonio Pagan. Each of those lost rights are guaranteed to Cegledi before and during jury trial by the United States Constitution, Amendment Six.

On information and belief, Cegledi states that the Government has suppressed favorable impeachment evidence regarding Antonio Pagan's prior convictions in cause numbers CR-04-167 and CR-05-102 as well as in case number 3:94-cr-00198-PG6 in the U.S. District Court, District of Puerto Rico (San Juan).

On information and belief, Cegledi states that in violation of the due process clause of the United States Constitution, Amendment Five, the Government failed to disclose to the jury the material evidence that Antonio Pagan also had a prior admissable felony conviction for conspiracy for violating 21 U.S.C. § 841(a) and § 846 in the U.S. District Court, District of Puerto Rico (San Juan) in its case number 3:94-cr-00198-PG6.

On information and belief, Cegledi states that the Government knowingly permitted material false juried testimony to remain uncorrected about Antonio Pagan's having only the one prior guilty plea and conviction in the Eastern District of Pennsylvania, when he had apparently previously also been convicted for conspiracy for violating 21 U.S.C. § 841(a) and § 846 in U.S. District Court, district of Puerto Rico (San Juan),

Page 6 - iii

case number 3:94-cr-00198-PG6.

On information and belief, Cegledi states that it is clear that the Government's knowing deception of this Court, defense counsel, and Cegledi's jury by presentation of known false evidence is incompatible with the rudimentary demands of due process guaranteed by the United States Constitution, Amendment Five. Likewise, allowing the use of false evidence to go uncorrected after Government received knowledge thereof, also deprived, and continues to deprive, Cegledi of his liberty without the due process guaranteed under the United States Constitution, Fifth Amendment.

On information and belief, Cegleid states that the Government now knows that he is incarcerated based upon false testimony about Antonio Pagan having no other prior conviction or guilty plea other than that which the jury heard about in the United States District Court for the Eastern District of Pennsylvania; and thus, the government has a duty to end this unconstitutional incarceration of Cegledi that continues to violate his fundamental rights to due process and trial by jury free from material perjury sponsored by the Government and its star fact witness against Cegledi. See United States Constitution, Amendments Five and Six.

On information and belief, Cegleid states that each conviction herein and resulting sentence, which was obtained through the use of false evidence, known now to be such by

Page 6 - iv

representatives of the Government, continues to deprive Cegledi of the due process that he was, and still is, guaranteed by the United States Constitution, Amendment Five. It is not too late to correct the Government's errors and now grant the imprisoned Cegledi relief under 28 U.S.C. § 2255.

On information and belief, Cegledi states that after Antonio Pagan's guilty plea on October 31, 1994, the court sentenced him on january 13, 1995, to 96 months in BOP, a $15,000.00 fine, and 5 years supervised release term (SRT). that conviction was admissable at Cegledi's jury trial, and not too remote, since Pagan was released from prison within 10 years of the alleged dates of Cegledi's crimes occurring. Additionally, in addition to his admissible prior convictions in cause numbers CR-04-167 and CR-05-102, Antonio Pagan also had a prior admissable felony conviction for conspiracy for violating 21 U.S.C. § 841(a) and § 846 in the U.S. District Court, District of Puerto Rico (San Juan) in its case number 3:94-cr-00198-PG6 in addition to his recent conviction on guilty plea in the United States District Court for the Eastern District of Pennsylvania.

On information and belief, Cegledi states that the above Puerto Rican conviction was also admissable at Cegledi's jury trial and not too remote, since Pagan's SRT was revoked by the court on September 29, 2006, and the court sentenced him to three years consecutive to the sentences in case numbers

Page 6 - v

CR-04-167 and CR-05-102. The Judge signed a judgment on that SRT revocation on October 3, 2006.

On information and belief, Cegledi states that after his revocation sentencing, some sealed event occurred whereby the district court entered an order resulting in anearlier release from the Bureau of Prisons than was originally ordered by the same court.

On information and belief, Cegledi states that this suppressed evidence of antonio Pagan's earlier prior conviction(s) creates a reasonable doubt that does not otherwise exist, for Pagan's "modus operandi" relating to that offense, and his subsequent cooperating with the Government to reduce his sentence. The evidence of that earlier prior conviction would have permitted defense counsel to inquire of antonio Pagan that his minimum sentence under 21 U.S.C. § 841(b) was 20 years if the government moved to enhance his sentence in his pending case in the Eastern District of Pennsylvania. This is a major sentencing benefit that the Government never disclosed to defense counsel or the jury that Pagan had received due to his cooperation against Cegledi and his co-defendants. The defense counsel could have argued that rather than what the jury had been misled by the Government and Antonio Pagan to believe was the truth, there was a much greater incentive than the jury, court or defense counsel for Cegledi were aware of, for Pagan to distort or slant the facts only to his own personal

Page 6 - vi

advantage and to not tell the "real truth" during his juried testimony and his earlier debriefs with Government agents and or prosecutor. Deprivation of this material evidence from Cegledi and the counsel for each defendant herein is likely to have affected the outcome of the case at least as to Cegleedi.

Due to the above prosecution misconduct, Cegledi was deprived of his right to have defense counsel Bosch provide him the sixth Amendment constitutionally guaranteed effective assistance of counsel and to adequately confront his accuser, Antonio Pagan, about each of his prior convictions and his similar "modus operandi" in the illegal drug trafficking conduct constituting his prior drug case(s), and his subsequent cooperation with the Government in Puerto Rico and/or elsewhere to subsequently shorten his sentence(s) earlier rendered against him by the court(s).

On information and belief, Cegledi states that but for that prosecution misconduct, there is a reasonable probability or likelihood that: (a) Governmental counsel or defense counsel Bosch would have impeached Antonio Pagan with that prior conviction in the above federal case in Puerto Rico; (b) Government counsel or defense counsel Bosch would have impeached Antonio Pagan with the prior convictions in tha above cases numbered CR-04-167 and CR-05-102; (c) the court would have been obligated to not remove from the jury's use the court's charge instruction on the prior conviction(s) of Antonio Pagan; and

Page 6 - vii

(d) this jury trial would have resulted in a different outcome, when the jury weighed the credibility of Antonio Pagan's testimony under that correction jury instructions on his prior conviction(s).

_____

_____

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: ___Counsel Guillermo Bosh___
___was deficient as counsel for not raising this issue on___
___Direct Appeal, this is a § 2255 Ground, Cegledi was pre___judiced.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____**N/A**_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____**N/A**_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑          **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?

          **N/A**

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑          **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

          **N/A**

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____**N/A**_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

**N/A**

_____

_____

_____

_____

GROUND THREE: ____See attachment Ground Three_____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____See, Attachment to Ground Three

(b) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: __Counsel Bosh was
      deficient as Counsel at trial Counsel Bosh would not__
      raise deficient performance on himself this is a § 2255 issue:

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☒

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____**N/A**_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

## GROUND THREE

Counsel Guillermo Bosh was deficient as counsel for failure to impeach the Government's main witness Antonio Pagan and Officer Jeffery Taylor and D.E.A. Agent Dionysious Mihalopoulos.

During trial counsel of record for the Petitioner Cegledi failed to pursue an impeaching cross examination and additional evidence that would in all reasonable probability cast a reasonable doubt on the testimony of the Government's main witness. It is clear from the record in this case that trial testimony that Antonio Pagan was not truthful and that the agents in this case knew it and A.U.S.A. Christy Fawcett knew it.  As evidenced by the D.E.A.-6 discovery material turning up after the false testimony was given.  This was a direct violation of Petitioner's substantial rights, due process and a right  to a fair trial. Counsel Bosh by not pursuing this violation and impeaching these witnesses before the jury.  Defense Counsel Bosh did not represent the defendant to the satisfaction of the Sixth Amendment. Prejudice [Strickland].

On information and belief, Cegledi states that but for that defense counsel's above unprofessional omissions and misconduct in failing to so impeach Antonio Pagan, Officer Jeffrey Taylor, and/or D.E.A. Agent Dionysious Mihalopoulos, there is a reasonable probability or likelihood that this case's jury trial would have

resulted in a different outcome, when the jury weighed the credibility of that said impeached witness. Thus, Cegledi was deprived of his right to assistance of counsel guaranteed by the United States Constitution, Amendment Six. This error was harmful.

These same facts resulted in the deprivation of Cegledi's right to that degree of confrontation guaranteed by the United States Constitution, Amendment Six. This error was harmful.

The importance of government witness Antonio Pagan was essential to the conviction of Cegledi.

The importance of Government witness Officer Jeffrey Taylor was essential to the conviction of Cegledi.

The importance of Government witness D.E.A. Agent Diony-sious Mihalopoulos was essential to the conviction of Cegledi.

Result (attach a copy of the court's opinion or order, if available): _____ **N/A** _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑         **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑         **N/A**

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑         **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____ **N/A** _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____**N/A**_____

_____

_____

_____

GROUND FOUR: ____ See attachment to Ground Four _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

                                See, Attachment to Ground Four

# GROUND FOUR

Counsel of Record Gabriel Levin's preformed under In-
effective Assistance during his course of representing Petitioner
Cegledi.

Counsel of record Gabriel Levin was contracted to repre-
sent the Petitione by Counsel of Record Todd Henry, who was
Counsel for Francisco Barrios.  The Petitioner Cegledi, hired
Todd Henry after the District Court relieved Jason Duncan as Counsel.

Todd Henry was the one who handled getting Gabriel Levin
and controled the money in paying Gabriel Levin.  Todd Henry was
in control of Gabriel Levins representation of Petitioner Cegledi.
This is evidenced by Petitioner Cegledi not having any part in
hiring Gabriel Levin.  The Appellant Cegledi did not pay Levin
one dime, Todd Henry took care of that.  Gabriel Levin made de-
cisions contrary to the Sixth Amendment where Petitioner Cegledi's
representation is concerned.  Based on the control and advice of
Todd Henry, who was in control of both representations, Cegledi
and Francisco Barrio's.

The guarantee of effective assistance of counsel comprises
two correlative rights: the right to reasonably competent counsel
and the right to counsel's undivided loyalty.  To establish a
Sixth Amendment violation based on a conflict of interest, a defen-
dant · must show: (1) his attorney actively represented conflicting

interest, and (2) an actual conflict of interest affected his
attorney's performance.  Right to effective assistance of counsel
impaired when defense counsel operates under conflict of interest
because "counsel breaches the duty of loyalty", perhaps the most
basic of counsel's duties.  This activity where defense counsel
Todd Henry picked Cegledi's Attorney prejudiced Cegledi because
Todd Henry was in conflict due to his representation of Francisco
Barrios.  By Todd Henry remaining in control of Mr. Cegledi's
money and Gabriel Levin, this created a conflict.  This information
was available to Guillermo Bosh on Appeal.  Counsel Bosh was de-
ficient as counsel for not addressing this issue on Appeal.
Gabriel Levin failed in a number of ways.

Counsel Henry failed to relinquish total control and re-
presentation of Petitioner Cegledi.

Counsel Henry when he became aware of the conflict in re-
presentation between Francisco Barrios and Carlos Cegledi, Counsel
Henry had a duty pursuant to the Sixth Amendment to apprise the
Court, so that the Court could instruct Cegledi the Petitioner
that he needed to retain new counsel.  Counsel Henry and Levin
were operating and performing under ineffective assistance due
to the Conflict of Interest and Undivided Loyalty.   Petitioner
Cegledi was extremly prejudiced by Todd Henry's and Gabriel Levins
deficient performances.

Without the consent or approval of Cegledi, defense counsel Gabriel Levin in representing Cegledi performed acts and/or omitted to perform acts to the detriment of certain interests of Cegledi in, among other things, his right to seek a dismissal for the Government's failure to comply with the speedy trial statute's time lines.

Specifically, Gabriel Levin failed to seek a dismissal of the indictment, as should have been sought.

Furthermore, counsel should have moved to suppress the non-controlled substance which was introduced as evidence improperly.

Counsel failed to ask for an evidentiary hearing regarding the charges relating to possession of a controlled substance, when it turned out the "substance" was not controlled, which would have led to a dismissal of the indictment and all charges.

Failure by defense counsel to allow defendant to assist in his own defense, including but not limited to discussions to set strategy, the impeachment of witnesses against him, the right for him to testify in his own defense, pre-trial motions, post-trial motions.

The above constitute conflicts of interest between the defendant and his attorney, which caused a breakdown in the attorney-client relationship, in spite of the fact there was only one visit between the attorney and the client, which is at extreme odds when the defendant went to trial, much more preparation was called for and never accomplished.

Page 9 - iii

Lastly, defense counsel for Cegledi failed to ask for an evidentiary hearing on the separate issue that the government mislead the indicting grand jury that by failing, July 30, 2008, to inform the grand jury either about the fact there chemically was no methamphetamine or about the substance to be delivered was "purported" methamphetamine. Except for the professional misconduct by defense counsel there is a reasonable probability that the outcome of the proceedings would have been different or the judgment of the district court would have been reversed on direct appeal.

DECLARATION 28-U.S.C.1746                          page 1

TO: GABRIEL Z.LEVIN , Esquire              CARLOS A.CEGLEDI
    LEVIN & ZEIGER L.L.P.                  A.C.A.C.C.
    123 SOUTH BROAD STREET                 45 MAJOR BELL LANE
    SUITE 1200                             GETTYSBURG,PA.17325
    PHILADELPHIA,PA.19109                  docket#1:08-cr-00218-1

           and
    TODD EDWARD HENRY Esquire
    THE HENRY LAW FIRM                     September 28,2009
    1500 WALNUT STREET
    PENTHOUSE
    PHILADELPHIA,PA.19102

RE: RETURN THE ten thousand (10.000)DOLLAR BACK TO MY FAMILY AND
    WITHDRAW FROM MY CASE.

I am writing this letter in reference to you'r letter dated september
16,2009. I all ready sent the Honorable Judge SILVIA RAMBO,the release
and explanation,to the court,to allow you to withdraw from my case and
to appoint a new counsul,due to my financial situation.

Also I want to take time to address some points,regardingyou'r letter
sent to me on September 16,2009.attach as exhibit A.And also about our
agreement from July,2008. In which Mr.todd Henry where aware of my
financial situation,and agreed to go fordward with this case.

1)You state on you'r letter,that you entered for appearance on my case
  #1:08-cr-00218-1. On September 15,2008. I think that you may have the
  dates confuse,because my family retain you'r services thrue the
  HENRY LAW FIRM on July,2008.And I can have them send you a copy of
  the money recip,that it was sent to THE HENRY LAW FIRM on July 2008.

2)I dont know how my family had been able to expresed you on several
  occasion,that they no longer want it you to be my counsul,like you
  state on you'r letter in exhibit A-#3,when you only had one conversation
  with my brother for about 2 minutes,and he requested,for you to came
  see me,because i need it to talk to you,and this was at the end of
  March,2009.And you failed to come see me about my issue,that was the
  only time you spoke with my family,and my brother try on numeros
  times to communicate with you,by living messages with you'r secretary
  and my brother never receive not one call or letter back from you or
  you'r office,and this happend betwing March,2009.Thrue June,2009.

3) In your letter exhibit #4, you also state that you cant represent me
   effectively as much as you wan it, because I expressed no determination
   to cooperate with counsul, and expressed no desire off representation
   by counsul (you) and wishes to have new counsul appointed.
   I dont know where you draw this conclusion from, when you have never
   spoke with me, since you been in my case.

4) From july,2008.when I enter in to the agreement with THE HENRY LAW FIRM,
   I told Mr.TODD HENRY specifically,that I dint have that kind of money
   to pay for their services at front,but my family could possibly come
   up with five thousand dollard(5000.oo),then Mr.TODD HENRY told me to
   get at least seven thousand five hundred dollard(7500.oo),and he would
   take on the case.I also told mr.TODD HENRY that I need to make bail,
   so I can get back to work,to pay the remaning of the balance,because
   it was impossible to put that kind of responsibility on my family,then
   Mr.TODD HENRY told me that he would file a hiering motion for bail,so
   I can get back to work,and pay the balance.
   But Mr.TODD HENRY,fail to file a bail motion,instead he (you)contribute
   with prosecution to keep muving our trial dates over 10 times,with
   out consulting with client and allow to violate my right's,civil and
   constitutional,violated the speedy trial act,and never file any
   discoverys on my case,and as result of your ineffectivenes and mis
   representation I am requesting for GABRIEL LEVIN and TODD EDWARD HENRY,
   to refund to my family the ten thousand dollards (10000.oo),that they
   paid you all A.S.A.P.So they can retain new counsul for my case and
   withdraw from my case.


RESPECTFULLY:


CARLOS CEGLEDI
inmate#08M0749


C.C:FILE TO:


ADAMS COUNTY BAR ASSOCIATION     *    PENNSYLVANIA BAR ASSOCIATION
111 BALTIMORE STREET             *    100 SOUTH STREET
GETTYSBURG,PA.17325              *    HARRISBURG,PA.17101
Phone:(717)334-1553              *    Phone:(800)932-0311
    ----------                            ----------
PHILADELPHIA BAR ASSOCIATION     *    DAUPHIN COUNTY BAR ASSOCIATION
1101 MARKET STREET,11th FLOOR    *    213 NORTH FRONT STREET
PHILADELPHIA,PA.19107            *    HARRISBURG,PA17101
Phone:(215)238-6300              *    Phone:(717)232-7536
    ----------                            ----------
ALLEGHENY COUNTY BAR ASSOCIATION *    CHESTER COUNTY BAR ASSOCIATION
400 KOPPERS BUILDING             *    15 WEST GAY STREET,SECON FLOOR
436 SEVENTH AVE.                 *    WEST CHESTER,PA.19380
PITTSBURGH,PA.15219              *    Phone:(610)692-1889
Phone:(412)261-6161
    ----------                            ----------

GROUND 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket #1:08-cr-00218-1 |
| | : | |
| v. | : | |
| | : | Assigned to: |
| CARLOS CEGLEDI | : | Honorable Sylvia H. Rambo |

## Motion to Withdraw as Attorney for Defendant

TO THE HONORABLE SYLVIA H. RAMBO, JUDGE OF THE SAID COURT:

1.   On September 15th, 2008, the undersigned counsel entered his appearance to represent the Defendant, Carlos Cegledi, in the above-captioned matter.

2.   On December 7th, 2009, Defendant is scheduled to go to trial on the charges associated with the above docket.

3.   Defendant and his family have expressed on several occasions that they no long desire counsel's representation.

4.   Counsel believes that he can no longer effectively represent Defendant, in as much as Defendant has expressed no determination to cooperate with counsel and has indicated to counsel that he no longer desires counsel's services and wishes to have new counsel appointed.

5.   Counsel also believes that Defendant may eventually attempt to file a 2255 motion.

6.   Accordingly, counsel requests this Honorable Court allow him to withdraw from this case.

**WHEREFORE**, the undersigned respectfully requests this Honorable Court enter an Order removing him as counsel and appointing other counsel to represent the Defendant.

Respectfully submitted,

_____ /S

Gabriel Z. Levin, Esquire
LEVIN & ZEIGER LLP
123 South Broad Street
Suite 1200
Philadelphia, PA 19109

Exhibit 4
GROUND

**CapitalOne® N.A.**     **CASHIER'S CHECK**     9009967343

B4-687
1111
ISSUING REGION **VALLEY**     DATE 08/29/2008

PAY TO THE     BRANCH **Van Buren - Harlingen** POST CENTER 41684
ORDER OF **TODD HENRY**     $ 5000.00

**Five Thousand & 00/100**

Read the reverse side for important information on the
reissuance of lost, destroyed, or stolen cashier's check.

RE: **CLAUDIO A. OSOLEN**

**CUSTOMER COPY**
**Non-Negotiable**

---

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDE

SPH41

**FedEx**
Express
**US Airbill**     8660 3679 2761
From 0215

**1 From** Please print and press hard.

Date

Sender's FedEx
Account Number     2319-7286-2

Sender's
Name     Phone (215) 545-7100

Company LAW OFC TODD EDWARD HENRY ASSO

Address 1500 WALNUT ST STE 1203

City PHILADELPHIA     State PA     ZIP 19102

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

**3 To**

Recipient's
Name Todd Henry, Esq.     Phone 215 545-7100

Company The Henry Law Firm

Recipient's
Address 1500 Walnut Street, 22nd Floor
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Dept/Floor/Suite/Room

Address
To request a package be held at a specific FedEx location, print FedEx address here.

City Philadelphia     State PA     ZIP 19102

0382400892

**4a Express Package Service**     Packages up to 150 lbs.

☒ FedEx Priority Overnight     ☐ FedEx Standard Overnight     ☐ FedEx First Overnight

☐ FedEx 2Day     ☐ FedEx Express Saver

**4b Express Freight Service**     Packages over 150 lbs.

☐ FedEx 1Day Freight     ☐ FedEx 2Day Freight     ☐ FedEx 3Day Freight

**5 Packaging**

☒ FedEx Envelope®     ☐ FedEx Pak®     ☐ FedEx Box     ☐ FedEx Tube     ☐ Other

**6 Special Handling**     Include FedEx address in Section 3.

☐ SATURDAY Delivery     ☐ HOLD Weekday     ☐ HOLD Saturday

☒ No     ☐ Yes     ☐ Yes     ☐ Dry Ice     ☐ Cargo Aircraft Only

**7 Payment** Bill to:

☒ Sender     ☐ Recipient     ☐ Third Party     ☐ Credit Card     ☐ Cash/Check

**8 Residential Delivery Signature Options**

Total Packages     Total Weight     Total Declared Value†     $     .00

Exhibit
GROUND 4

Copy

**IBC BANK**
We Do More
www.ibc.com

**INTERNATIONAL BANK OF COMMERCE**
1600 FM 802, BROWNSVILLE, TX 78552-1831 956-547-1000
MEMBER INTERNATIONAL BANCSHARES CORPORATION / FDIC

No.   103001032

February 17, 2009
DATE

*****$1,500.00

FEE PAID
4.00

ANA M. CEGLEDI                    REMITTER

PAY TO THE
ORDER OF   TODD EDWARD HENRY

One Thousand Five Hundred and 00/100ths Dollars

NON-NEGOTIABLE
REMITTER'S RECEIPT
Save this receipt for your records.

Memo:
Issued By:  Laura Garcia10

NOTICE TO CUSTOMER
THE FILING OF A DECLARATION OF LOSS/FORM AFTER 90 DAYS FROM
THE DATE OF ISSUANCE CAN BE FILED FOR THE REPLACEMENT OF THIS
CHECK IN THE EVENT IT IS LOST, STOLEN OR DESTROYED.

**CASHIER'S CHECK**

---

**IBC BANK**
We Do More
www.ibc.com

**INTERNATIONAL BANK OF COMMERCE**
1600 FM 802, BROWNSVILLE, TX 78552-1831 956-547-1000
MEMBER INTERNATIONAL BANCSHARES CORPORATION / FDIC

No.   103200560

September 13, 2008
DATE

*****$2,500.00

FEE PAID
4.00

Ana Maria Cegledi                    REMITTER

PAY TO THE
ORDER OF   Patrick Henry

Two Thousand Five Hundred and 00/100ths Dollars

NON-NEGOTIABLE
REMITTER'S RECEIPT
Save this receipt for your records.

Memo:  contrato
Issued By:  Samantha Reyna

NOTICE TO CUSTOMER
THE FILING OF A DECLARATION OF LOSS/FORM AFTER 90 DAYS FROM
THE DATE OF ISSUANCE CAN BE FILED FOR THE REPLACEMENT OF THIS
CHECK IN THE EVENT IT IS LOST, STOLEN OR DESTROYED.

**CASHIER'S CHECK**

_____

_____

(b)  **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: ___Counsel Bosh___
   ___prejudiced Petitioner Cegledi by not raising this issue___
   ___Counsel Bosh would not raise deficient preformance on him-___

(c) **Post-Conviction Proceedings:**                self this is a § 2255 issue:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____**N/A**_____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____**N/A**_____

   _____

   _____

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ☒

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ☒

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   _____**N/A**____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

## GROUND FIVE

Counsel Of Record Jason Duncan, Todd Henry, Gabriel Levin
and Guillermo Bosh Violated Petitioner's Fifth Amendment and
Sixth Amendment Substantial Rights By Failing To File A Motion
To Dismiss The Original Indictment and All Subsequent Superseding
Indictments Making No Objection To Speedy Trial Violation. The Court
constructively amended the indictment at trial, and during jury instructions.

The Petitioner avers that it is clear that Police Officer
Jeffery Taylor mislead the Grand Jury about the substance that
was initially field tested in this case to the First Grant Jury.
It is clear that what Mr. Taylor told the Grand Jury, that the
substance field tested concerning the first indictment was meth-
amphetamine which in it self is a element of the offense.   The
Government cannot charge the scienter element intentionally with
knowingly and unlawfully,  without the element of actual meth-
amphetamine in the original indictment, just to secure a indict-
ment and later through superseding indictments continue the ele-
ment drug as methamphetamine knowing it is not.   It is clear by
the testimony of Antonio Pagan and the A.U.S.A. Christy Fawcett's
admission, that no one  through proffer sessions ever asked the
Petitioner or Co-Defendant's whether the substance was methamphet-
amine.   Antonio Pagan admits that he does not want to get scammed
again.

Counsel's of Record for Cegledi had a duty and obligation
to file a Motion to Dismiss the Indictment.   Counsel's performances
Page 10 - i

were deficient in failing to move to dismiss the conspiracy to possess with intent to distribute methamphetamine, listed in every indictment.  The first initial indictment and then charged approximately two months and 10 days later in the first super- seding indictment.  Then again in a second superseding indict- ment exactly one year later from the first superseding indictment. The actions of all counsel's listed highly prejudiced the defen- dant Cegledi.  The indictment's failed to properly set forth a correct actual offense.

The Court, the A.U.S.A. and the Detectives and D.E.A. Agents in this case changed what the Grand Jury Indicted the Defendant's for [METHAMPHETAMINE].  To "purported" methamphetamine at  trial. This was clearly just not a change as a matter of form.  The Petitioner was convicted on a element, purported methamphetamine, not on the element actual methamphetamine as the Grand Jury Charged.

Undoubtedly the Language of the Statute may be used in the general discription of the offense, but must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, comming under the general discription,with which he is charged.

The facts and circumstances of purported methamphetamine was not a part of a specific offense charged.

The Petitioner avers that because the Fifth Amendment guarantees a defendant the right to be tried for only those offenses presented in  the indictment returned by a Grand Jury.  Indictments

Page 10 - ii

may not be substantively amended without reconvening the Grand Jury.

An Indictment may be considered amended when the prosecut-
ion or the Court either literally or constructively alters the
charging terms of an indictment after it has been returned by the
Grand Jury,  A constructive amendment occurs when the evidence
presented at trial proves a crime different from that charged in
the indictment, or  when Jury Instructions broaden the scope of
the indictment by permitting  conviction of uncharged offense.

The Petitioner not to belabor avers that a constructive
amendment  occured because the indictment, the First Superseding
Indictment and the Second Superseding Indictment, alleged possess-
ion with intent to distribut methamphetamine and the  evidence
introduced showed a non-narcotic purported substance, not actual
methamphetamine as charged.  A constructive amendment occured be-
cause Government evidence that drugs were purported went beyond
the actual methamphetamine charged in all three indictments.
Petitioner was convicted of a materially different crime.  This
is prejudice,  counsel's were deficient for not filing a Motion
to Dismiss the Indictment's.  Counsel Bosh was deficient for not
raising this ground on appeal.

Petitioner respectfully request that the Court due to the
fundamental defect which inherently resulted in a complete mis-
carriage of justice.  Vacate the conviction and sentence.



Exhibit
GROUND 5

U.S. Department of Justice
Drug Enforcement Administration

## LABORATORY REPORT

TO:   PHILADELPHIA FIELD DIVISION
     ALLENTOWN RESIDENT OFFICE
                                             CASE NUMBER: CY-08-0015

FROM:   NORTHEAST LABORATORY
        99 TENTH AVENUE, SUITE 721
        NEW YORK, NEW YORK  10011

| Exh. No. | Lab No. | Active Drug Ingredient (Established or Common Name) | Gross Weight | Net Weight | Conc. Or Purity | Amount of Actual Drug | Reserve Weight |
|---|---|---|---|---|---|---|---|
| 7 | 194221 | no controlled substances detected | 3.650 kg | 2.683 kg | ---- | ---- | 2.679 kg |

RECEIVED
JUN 30 2008

Remarks:

Exhibit # 7 contains isopropylbenzylamine hydrochloride and dimethyl sulfone.  No controlled substances detected.

Exhibit

Analyzed By:   CINDY L. VITALE
              SENIOR FORENSIC CHEMIST
              (Signature, Printed Name, Title)                    Date:   17-Jun-08

Approved By:   THOMAS M. BLACKWELL
              LABORATORY DIRECTOR
              (Signature, Printed Name, Title)                    Date:   6/24/08

U.S. Department of Justice
Drug Enforcement Administration

*Exhibit*
GROUND 5

## LABORATORY REPORT

TO:   PHILADELPHIA FIELD DIVISION
      ALLENTOWN RESIDENT OFFICE

CASE NUMBER: CY-08-0013

FROM:  NORTHEAST LABORATORY
       99 TENTH AVENUE, SUITE 721
       NEW YORK, NEW YORK 10011

RECEIVED
JUL 7, 2008

| Exh. No. | Lab No. | Active Drug Ingredient (Established or Common Name) | Gross Weight | Net Weight | Conc. Or Purity | Amount of Actual Drug | Reserve Weight |
|---|---|---|---|---|---|---|---|
| 8 | 194222 | no controlled substances detected | 9.780 kg | 7.613 kg | — | — | 7.607 kg |

Remarks:

    Exhibit # 8 contains isopropylbenzylamine hydrochloride and dimethyl sulfone.  No controlled substances detected.

Exhibit

CINDY L. VITALE
Analyzed By:  SENIOR FORENSIC CHEMIST
        (Signature, Printed Name, Title)

Date:   17-Jun-08

THOMAS M. BLACKWELL
Approved By:  LABORATORY DIRECTOR
        (Signature, Printed Name, Title)

Date:   7/1/18

LS-05-010 (July 2005)

## GROUND SIX

Counsel of Record Guillermo Bosh was deficient as counsel
for not objecting to the Court for allowing Antonio Pagan who
had not finished under cross examination to stay in the Courtroom
while Police Officer Jeffery Taylor was placed on the witness
stand and questioned about Antonio Pagan's unfinished cross ex-
amination which was done out of the presence of the Jury all in
violation of the Petitioner's Jury Trial right and a fair oppor-
tunity to defend against the Government's accusations.  This
violated the confrontation clause right of the Petitioner, prejudice.

The witness for the Government, Antonio Pagan was under
direct cross examination, where it was clear that Antonio Pagan
was being impeached.  The witness for the Government, Pagan was
still under cross examination.  The Court stopped the cross ex-
amination, dismissed the jury and allowed Antonio Pagan to stay
in the courtroom and sit right behind the A.U.S.A. in this case
while the A.U.S.A. questioned the Police Officer's.  Antonio Pagan
stated under cross examination that the D.E.A. and Task Force
Officer Jeffery Taylor knew that he  Pagan was selling [Cocaine
and Gun's] while acting as a Confidential Informant for the Gov-
ernment.  The Officer's said they didn't know.  The Jury had a
right to hear this impeachment  testimony.  The witness Antonio
Pagan was under cross and the Petitioner had the Fifth, and Sixth
Amendment Rights to keep him under cross, and out of the hearing

Page 10 - iv

of the Officer's testimony about the gungs and drugs.   Counsel
of Record Guidlermo Bosh was totally deficient as counsel for
not objecting on the record to preserve this ground.

The Petitioner Cegledi was prejudiced by Counsel Bosh's
performance.   There is a high  probability that the Jury hearing
this testimony exchange as to credibility, the coutcome would
have been different.

This is not a situation where Counsel Bosh is being second
guessed.   Any resonable competent attorney would have made the
objection.   This was prejudice and further prejudice because
Cegledi had no way to develope this issue on Appeal.

## GROUND SEVEN

The District Court In This Case Restricted The Impeachment
Process In This Case Counsel Of Record Guillermo Bosh Was Deficient
As Counsel For Not Addressing This Due Process Substantial Rights
Violation On Appeal.

The Petitioner avers that while Detective Mish was on the
witness stand under cross examination.  Defense Counsel Bosh was
questioning him about an investigation where a report of said
investigation was done a D.E.A.-6, while questioning Detective
Mish confronting him pursuant to Cegledi's Constitutional Sixth
Amendment Right.  The Court interfered and restricted the impeach-
ment of this Police Officer.  Just because the A.U.S.A. did not
ask Detective, Mish  about this Report of Investigation the
D.E.A.-6.  It was evidence turned over as discovery and Cegledi
had the right to confront  Michael Mish  about it.  The right to
cross-examination is thus Constitutionally protected.  A criminal
defendant can prove a  violation of his Sixth Amendment rights
by "showing that he was prohibited from engaging in otherwise
appropriate cross-examination" designed to show a prototypical
form of bias on the part of the witness, and thereby to expose
to the Jury the facts from which jurors...could appropriately
draw inferences related to the reliability of the witness.  Dis-
crediting the accuracy and  reliability of Detective Mish test-
imony could have shown to the Jury that Detective  Mish  was

Page 10 - vi

a part of knowing that Antonio Pagan as a C-I, a Government
Informant was operating on his own outside the control of the
Task Force Officers once again.   This would have allowed the
Jury to evaluate the credibility of the entire Government's
case.

If not for the Court's restriction concerning the
impeachment of Detective Mish,   it is a very high probability
that the outcome would have been different.   This was prejudice,
it is  even more prejudice for defense counsel Bosh to not place
a proper objection on the record as to the Court's restriction
of the impeachment process.   And for not addressing and developing
this  ground on appeal.

After all the Court's interference was a substantial rights
violation, prejudice.   Petitioner request that the Court vacate
and set aside the conviction in this case.

On information and belief, Cegledi states that the court's
conduct denied Cegledi his right to confrontation guaranteed by
the United States Constitution, Amendment Six, as described above.
This error was harmful, for the court deprived Cegledi of his
right to a fair trial by jury as guaranteed by the United States
Constitution, Amendment Six. Due to the district court's restric-
tions on the impeachment of Detective Mish, there is a reasonable
likelihood or probability that the outcome of the trial is not trust-
worthy. Due to this violation of the due process guaranteed by the United
States Constitution, Amendment Five, here is a reasonable likelihood or
probability that the outcome of the trial is not trustworthy. Each of these
deprivations were harmful and necessitate a new trial herein.

## GROUND EIGHT

Counsel For The Defendant Cegledi In The Direct Appeal
Brief From The Conviction Concerning Issue One Was Deficient As
Counsel For Failing To Raise The Fact That It Was Material That
Antonio Pagan Was The Subject Of A Previous Scam Where Pagan
Lost $150,000, One Hundred And Fifty Thousand Dollars To Ramon
Ferrer That Goes Directly To Antonio Pagan's Motive's Counsel
Bosh Failed To File A Complete Trial Transcript On Appeal.

The Petitioner avers that it is a genuine issue of Material
Fact that it is a Material Factual Legal Matter, that Antonio
Pagan was indicted for a Conspiracy to Sell Drugs in a totally
different case.  When Antonio Pagan was arrested in the unrelated
case other than Cegledi and Co-Defendant's.  Antonio Pagan facing
Life in Prison, knew the only way out was to cooperate and create
a situation where he could try and provide substantial assistance
to try and save himself.  Antonio Pagan's motivation in contact-
ing Ramon Ferrer, was to pay Ramon Ferrer back for the One Hundred
and Fifty Thousand Dollar scam.

The Petitioner Cegledi was not apart of the previous scam
of ($150,000).  Francisco Barrios, Cegledi's Co-Defendant was.
It is clear that any one would be sore and out  for revenge
after losing One Hundred and Fifty Thousand Dollars in a scam
for a non-narcotic substance never intended to be methamphetamine.

The Petitioner avers that it is the  evidence of the
trial transcripts that will prove without  a doubt what Antonio
Pagan's motives  were.  It is clear and it is a genuine issue
of Material Fact that when Antonio Pagan was arrested on the
unrelated charges, that Antonio Pagan was in possession of some
of the first sham non-narcotic substance.

The Petitioner Cegledi not being a part of the first scam
or sham.  Therefore Cegledi was brought in as a new face but
truly was not needed because Antonio Pagan was setting them up.
The rub is Antonio Pagan knew from the One Hundred and Fifty
thousand Dollar loss that there was not a chance of getting a
narcotic substance.  The transcript evidence will prove this.
Guillermo Bosh had  this transcript evidence when  drafting the
Appeal in this case but  failed as counsel pursuant to the Sixth
Amendment, and did not raise this ground on Appeal or pursue a
defense against it at trial.  This establishes cause and  pre-
judice due to the fact that the  evidence is overwhelming evidenced
by the actual trial transcripts.  As to what Antonio Pagan's
motives were to cooperate and testify against Cegledi and Co-de-
fendant's.  This is not second guessing  or hind sight  Petitioner
Cegledi is pointing to actual ommissions and errors by Bosh and
not relying on  surrounding circumstances.  This Ground raised
on Direct Appeal and the Transcript Record to prove it surely
there is a high probability that the outcome would have been
different.  This is the prejudice Counsel Bosh failed to consult

with Cegledi about the Appeal and Brief all identifiable issues. And to provide a complete record of transcript on a First Appeal as of Right.  Petitioner was prejudiced by counsel actions.

Additionally in issue II A., of the Direct Appeal Brief Counsel Guillermo failed as counsel pursuant to the Sixth Amendment, for stating  that "in the Second Superseding Indictment Mr. Cegledi was charged with, and later convicted at a Jury Trial, of two deliveries of purported drugs (alleged to have been methamphetamine).

This in fact is not  true, the Second Superseding Indictment did not charge purported drugs (alleged to have been  methamphetamine).  Guillermo Bosh had a duty and obligation pursuant to the Sixth Amendment on Appeal in this issue.  To raise the Material Factual Legal Matter that the Court at trial with the Government constructively amended the indictment.  Petitioner Cegledi had a right to only be tried on the charges handed down by the Grand Jury and alleged in the Indictment.  Petitioner Cegledi was not convicted for selling methamphetamine.

This was  prejudice and deficient performance for Guillermo Bosh to let the Court of Appeal beleive that Petitioner Cegledi was charged with "a  purported substance (alleged to have been methamphetamine).

The Petitioner respectfully ask that the Court vacate the Conviction and Sentence in this case.

Page 10 - x

### GROUND NINE

Cegledi's attorney's performance violated the guarantees of the U.S. Constitution, Amendment Six, when he did not move to dismiss the indictment in the trial court based on each of the below "winning" facts, grounds and analysis. The below analysis is not new.

### GROUND TEN

Cegledi's attorney's performance violated the guarantees of the U.S. Constitution, Amendment Six, when he did not move for acquittal from the district court based on each of the below "winning" facts, grounds and analysis. The below analysis is not new.

### GROUND ELEVEN

Cegledis' attorney's performance violated the guarantees of the U.S. Constitution, Amendment Six, when he did not move to dismiss the judgment of conviction during the direct appeal to the Circuit Court based on each of the below "winning" facts, grounds and analysis. The below analysis is not new.

### GROUND TWELVE

Cegledis' attorney's performance violated the guarantees of the U.S. Constitution, Amendment Six, when he did not move for an acquittal during the direct appeal to the Circuit Court

based on each of the below "winning" facts, grounds and
analysis. the below analysis is not new.


## GROUND THIRTEEN

After the court instructed the jury on the essential ele-
ments necessary for conviction on count one and that "The fact
that the substance involved in this case was not real metham-
phetamine is no defense to the attempt charge or the conspir-
acy charge," defense counsel failed to perform his professional
duty to object to the court's thereby amending the indictment's
count one as charged by the grand jury, and thereby judicially
depriving Cegledi of his rights guaranteed under the United
States Constitution, Amendments Five and Six, to due process,
and to be tried by an impartial jury on the very count one
charge as indicted by the grand jury. Additional relevant facts
as to this claim are detailed under the very next Gound below,
and are hereby incorporated here for all purposes.


## GROUND FOURTEEN

when the court thereby in its jury instructions amended the
grand jury indictment's charged count one, defense counsel
failed to perform his professional duty to object to the court's
depriving Cegledi of his right guaranteed under the United
States Constitution, Amendments Five and Six, to be able to pre-
sent a valid defense that exists in law and/or fact and to validly

argue for the jury to acquit since the facts shown by the Government demonstrated beyond a reasonable doubt that no methamphetamine existed in this case for Cegledi and any of his co-defendants to attempt or conspire to distribute or possess with intent to distribute.

Cegledi's defense counsel Bosch rendered  less than the requesite professional representation by failing to object to that judicial amendment of the indictment's count one, which amendment allowed conviction on proof of facts less than required by the very charge brought by the grand jury. But for this  omission of defense counsel, there is a reasonable probability or likelihood that the outcome of the trial would have been different, or the judgment of the district court would have been reversed on direct appeal if there had been preservation by appropriate defense counsel action by timely objection to this judicial error of amending the indictment.

On July 30, 2008, witness told grand jury that laboratory found that the seized substance did not chemically test out to be methamphetamine. At the jury trial, the expert chemist so testified. However, the indicting grand jury had let the indictment continue to read that Gegledi and his co-defendant attempted to and conspired to distribute methamphetamine and possess with intent to distribute methamphetamine.

On December 11, 2009, the court gives its first final instructions to the jury. ( See Day 5 Reporter's Transcript Record,

Page 10 - xiii

at pages 95-124).

Then the heard objections and arguments outside the jury's presence to the above jury instructions. ( See Day 5 Reporter's Transcript Record, at pages 124-127).

Right thereafter, the court gave its last final instructions to the jury. ( See Day 5 Reporter's Transcript Record, at page 127).

This claim resolves around the fact that defense counsel failed to timely complain to the district court of its amending the indictment by instructing the jury that, "The fact that the substance involved in this case was not real mathamphetamine is no defense to the attempt charge or the conspiracy charge."

This judicial amendment impermissibly reduced the facts need to prove "essential elements" of the offense as contained in the statute passed by the Congress as same was incorporated in the count one charge by the indicting grand jury, though such reduction was impermissible under the rights to due process, to be indicted, to be tried only on the offense charged by the grand jury, and to proof beyond a reasonable doubt as guaranteed under the United States Constitution, Amendments Five and Six. Due to the impropriety of the district court, the Government no longer had to prove beyond a reasonable doubt that this case dealt with a conspiracy and/or attempt involving methamphetamine. Thus, this judicial amendment allowed conviction on proof of less facts than required by the charges brought by the grand jury under the

Page 10 - xiv

applicable statutes.

Given the above judicial error, Cegledi's defense counsel Bosch rendered less than the requisite professional representationtion by failing to timely and specifically object to that judicial amendment of the indictment's count one. But for this omission of defense counsel, there is a reasonable probability or likelihood that the outcome of the trial would have been different.

If, based upon the timely and correct defense objection to this now challenged instruction given the jury, the district court would have given a correct instruction to the jury on this issue, that "if the jury found, or had a reasonable doubt thereof, that the substance involved in this case was not methamphetamine, such finding or doubt is a defense to the attempt charge in count one and the conspiracy in count one; and if the jury so finds, the jury must acquit and return a verdict that defendant Cegledi is not guilty of count one."

The district court's removal from the jury's consideration of a true defense, which was available under the applicable facts and law, deprived Cegledi of his U.S. Constitutional Amendment Fifth and Sixth rights to due process, to be able to present a defense, to trial by jury, to the right to only have the jury determine both each available defense to the charge and the existence of all the essential elements of the offense charged by the grand jury. But for the defense counsel's misconduct, the

district court would not have so amended the indictment; or
alternatively, if the district court continued its amendment of
the indictment over timely defense objection to the court's jury
instruction, then on direct appeal, the Circuit Court or Supreme
Court would have had the opportunity to reverse the judgment
herein as to count one. However, defense counsel failed to pre-
serve that judicial amendment of the indictment for review on
direct appeal, if violation of Cegledi's rights to effective
assistance of counsel in this jury trial as guaranteed by the
United States Constitution's Amendment Six. But for counsel's
unprofessional conduct, there is a reasonable likelihood there
would have been a different outcome of this case at the jury
trial or on direct appeal as to the conviction on count one.


### GROUND FIFTEEN

Defense counsel Bosch rendered ineffective assistance in
failing to introduce the original or a copy of the passport
issued to Cegledi, which would have demonstrated that he was in
Argentina from January 21, 2008 through April 21, 2008, and
could not have been the source of the substance delivered to
Antonio Pagan in February of 2008, where Pagan claimed to have
lost $150,000.00. But for this professional misconduct, there is
a reasonable probability or likelihood that the trial court's
outcome would have been different for Cegledi could not have
been the source of the material delivered to Pagan in February

Page 10 - xvi

of 2008.

## SUPPORTING FACTS

Based on the objective facts, the confidential source, Tony Pagan, thought Cegledi and his co-defendants thought they were going to possess, distribute and sell to tony Pagan meth-amphetamine for Pagan to distribute that controlled substance to others. Of course, Pagan could not read the mind of another person. Such testimony about the content of another mind is speculative and not based on personal knowledge.

Neither Cegledi nor his co-defendants procured, possessed or distributed methamphetamine as charged in this case. Instead, Cegledi did procure, possess or distribute to Tony Pagan through his co-defendants 23 pounds of something that was neither methamphetamine nor a controlled substance.

It is impossible to infer Cegledi's knowledge and criminal intent from the possession and distribution of a substance which is in fact not a controlled substance under any enacted federal statute.

Based on the objective facts, no court can infer that Cegledi and/or any of his co-defendants intended to do that which any of them said he was going to do, because each in fact did something else.

Legal impossibility existed here for though when viewed in

the light most favorable to the jury's verdict, there is an intention to perform a physical act, the intended physical act of delivery of 23 pounds of "some uncontrolled substance" to Tony Pagan was performed, but the consequences resulting from that intended act does not amount to a crime.

No court has recognized that in Cegledi's factual scenario, the intent to perform a physical act has to be distinguished from the motive, desire or expectation to violate the law. Applying this analysis, the court, must look solely to the physical act which Cegledi "intended" and agreed to commit, the transfer of the "non controlled substance" in his and his co-defendants possession, and the courts should conclude that no criminal conspiracy or attempt ever existed as charged herein by indictment, since the distribution of "the non-controlled substance" or its possession with intent to distribute, is not criminal; and thus, no offense was proven by the Government. It is not against the law to possess or traffic in "the non-controlled substance" used by Cegledi and/or any of his co-defendants in this "rip off" scenario.

Even if the jury could have inferred and found criminal intent from the facts the Government presented at trial, such a precedent to convict merely on such intent, poses too great inherent dangers. By convicting and affirming that conviction of Cegledi for the sale of a non-narcotic substance of the statutory offense of the conspiracy to and attempting to

distribute or possess with intent to distribute methampheta-
mine, the courts eliminated the objective element that has a
major significance and has increased the risk of mistaken
conclusions that the defendant believed the goods delivered
were controlled narcotics. Missing from the Government's
evidence and the court analysis for conviction was the "actus
reus" requirement, though the court found "guilty mind and
intent."

Without the Government presenting evidence of such "actus
reus," the conviction of Cegledi deprived him of due process
of law guaranteed by the United States Constitution, Amend-
ment Five.

Without the Government presenting evidence of such "actus
reus," the Circuit Court's affirming of Cegledi's conviction
deprived him o due process of law guaranteed by the United
States Constitution, Amendment Five.

That "guilty act" requirement with its relative fixedness,
its greater visibility and difficulty of fabrication, serves to
provide additional security and predictability by limiting the
scope of the federal criminal law or attempt and conspiracy to
those who have engaged in conduct that is itself objectively
forbidden and objectively verifiable. Since Cegledi did not
engage in any charged conduct that is forbidden by the Congress,
he has been convicted of a non existent crime.

Thus, he has been convicted without due process of law as

as guaranteed by the U.S. Constitution, Amendment Five.

Additionally, he has been convicted in violation of the United States Constitution's Supremacy Clause, Article VI, Clause 2. No federal court can legislate. The enactment of criminal federal statutes is the exclusive prerogative of the Congress.

By entering its judgment in this cause, the district court convicted Cegledi of a crime that the Congress has not yet enacted.

To have convicted Cegledi of conspiring and/or attempting to distribute methamphetamine or possessing it with the intent to distribute for the possession and distribution of the non-narcotic substance, the court has eliminated an objective element that has major evidentiary significance and increased risk of mistaken conclusions that Cegledi believed the goods were narcotics.

The law demands that in order for a defendant to be guilty of a criminal conspiracy or attempt, the objective unique acts performed, without any reliance on the accompanying mens rea, mark the defendant's conduct as criminal in nature. Though it is reasonable to infer a person's guilty knowledge and criminal intent from that individual's statements of future intention, it is impossible to infer that intent when the substance possessed is not in fact narcotics, and is also impossible for the jury or court to infer that intent when objective facts

Page 10- xx

indicate the person did not carry out his own or his group's self-proclaimed intention to deliver any methamphetamine as Tony Pagan had anticipated receiving. Thus, the district court erred in entering that judgment on the jury's verdict. Additionally, the Circuit Court erred in affirming the judgment of conviction in this cause.

In this case's scenario, of the charged conspiracy to or the attempt to possess, distribute, or sell the non-narcotic substance in question herein, those performed acts by Cegledi and his co-defendants do not constitute a crime punishable by any known federal law.

Simply because a substance looks like methamphetamine, and even if the Cegledi and/or his co-defendant had misrepresented to his/their unsuspecting purchaser that the substance was methamphetamine, that does not make the mere distribution of that non-narcotic substance a violation of the federal controlled substance laws of conspiracy or attempt. The treatment of non-controlled substances, no matter how it is marked, as a schedule 1 controlled substance by the district and appellate courts in this cause is an absurd result of the kind the canons of statutory construction instruct all courts to avoid.

There is no federal statute that criminalizes an "attempt or a conspiracy" to pretend to be possessing, distributing or offering to sell an illegal controlled substance, which is not a controlled substance.

Page 10- xxi

But on the basis of the evidence presented to the jury, whether Cegledi is guilty of the crime that he was charged with, is no more likely than that he and his co-conspirators conspired from the get-go to defraud Tony Pagan by ripping him off of the money to be paid for the non-controlled substance that was actually delivered.

Thus, there is no evidentiary basis for a finding of guilt beyond a reasonable doubt. for not having been charged with any crime Cegledi actually committed, he is entitled to an acquittal.

The above grounds raise a "dead bang" winner with supportive law that attorney Bosch was aware of, forgot to use, or wrongful determined not to use before the court, district or circuit. Such conduct was unprofessional. But for such unreasonable conduct of attorney Bosch, there is a reasonable probability or likelihood that the outcome of the trial or direct appeal would have been different in this case.

For the appellate reversal of an attempted conviction, <u>see United States v. Oviedo</u>, 525 F.2d. 881 (5th Cir. 1976), where appeals court reversed the conviction of attempted distribution of heroin in violation of 21 U.S.C. § 846, where defendant's objective act of delivery of the procaine in his possession, was evidence of and consistent with a noncriminal venture or enterprise.

For the appellate reversal of a conviction for conspiracy to sell the illegal drug Ecstasy in violation of 21 U.S.C. §§

Page 10- xxii

841(a)(2) and 846, see **United States v. Radomski**, 473 F.3d 728
**(7th Cir. 2007)**, where the court reversed the judgment of con-
viction and ruled that defendant was entitled to be acquitted
of the conspiracy to sell Ecstacy charged, after finding that
although a conspiracy clearly existed, involving defendant and
the co-conspirator, the Government did not prove beyond a reas-
onable doubt that it involved the selling of drugs, for the
evidence indicated, at most, that defendant engaged in a con-
spiracy to defraud the informant. The appeals court pointed
out that no federal statute criminalizes a conspiracy to pre-
tend to be possessing, distributing, or offering to sell an
illegal controlled substance, which is not a controlled sub-
stance. On the basis of the evidence presented to the jury,
whether Radomski is guilty of the crime that he was charged
with, is not more likely than that he and his co-conspirator
conspired from the get-go to defraud Zujiko, the F.B.I. infor-
mant, by ripping him off and absconding with his money paid
for a non-controlled substance that was actually delivered.
Thus, there is no evidentiary basis for a finding of guilt
beyond a reasonable doubt. For not having been charged with
the crime Radomski actually committed, he was entitled to and
received an acquittal.

For the appellate reversal of a conviction for conspiracy
and possession convictions, see **United States v. Hodge**, 321
**F.3d 429 (3rd Cir. 2003)**, where the appeals court reversed the

Page 10- xxiii

conviction of conspiracy to possess with intent to distribute a controlled substance analogue within the meaning of 21 U.S.C. § 802(32)(A), holding that the case's "wax and flour" mixture sold by the defendant to the undercover agents under the pretense that it was crack cocaine, was not a mixture that is "chemically substantial" or "substantially similar" in chemical structure to crack cocaine as required under said section's clause 802(32)(A)(1). When choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before a court chooses the harsher alternative, to require that Congress should have spoken in language that is clear and definite.

## ON DIRECT APPEAL

(1)  Appellate counsel Bosch is the only person who chose what issues to raise on the direct appeal. Cegledi is unaware why attorney Bosch failed to raise each of the above "winning" claims in any court, trial or appellate. There has been a tremendous breakdown in the ability of Cegledi to "meaningfully communicate with" and "obtain much corresponding cooperation" from attorney Bosch. That breakdown became much greater after Cegledi's notice of the direct appeal was filed in this cause.

Exhibit
GROUND 15



SIGNATURE OF BEARER / SIGNATURE DU TITULAIRE / FIRMA DEL TITULAR



PASSPORT
PASSEPORT
PASAPORTE
USA

**UNITED STATES OF AMERICA**

Type / Type / Tipo        Code / Code / Código        Passport No / N° du Passeport / N° de Pasaporte
P                         USA                        438041918

Surname / Nom / Apellidos
CEGLEDI
Given Names / Prénoms / Nombres
CARLOS ARIEL
Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA
Date of birth / Date de naissance / Fecha de nacimiento
06 Jan 1968
Place of birth / Lieu de naissance / Lugar de nacimiento            Sex / Sexe / Sexo
ARGENTINA                                                           M
Date of issue / Date de délivrance / Fecha de expedición            Authority / Autorité / Autoridad
09 Jan 2008                                                         United States
Date of expiration / Date d'expiration / Fecha de caducidad         Department of State
08 Jan 2018
Endorsements / Mentions Spéciales / Anotaciones
SEE PAGE 27                                                         USA

P<USACEGLEDI<<CARLOS<ARIEL<<<<<<<<<<<<<<<<<<<
4380419182USA6801069M1801086225614328<188488

Exhibit
GROUND 15



Exhibit
GROUND 15



Re-ENTRY
TO
ARGENTINA.

EXIT
ARGENTINA
TO URUGUAY

ENTER URUGUAY

EXIT URUGUAY

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

N/A

_____
_____
_____
_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____ All Grounds in this Petition have not been raised and adjudicated on the merits, due to Guillermo Bosh's failure to consult with Petitioner Cegledi about the Appeal, or answer Petitioner's Letters, Phone Calls and E-Mail about the issues Cegledi wanted counsel to raise. Petitioner was prejudice because these grounds are stronger than the Direct Appeal issues raised by Bosh.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

N/A

_____
_____
_____
_____
_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:  Jason B. Duncan, 8 North Bultimore Street, Dilsburg, PA 17019
(b) At arraignment and plea: Gabriel Z. Levin, 1315 Walnut Street, Suite 716, Philadelphia, PA 19107
(c) At trial: Guillermo Bosh, 109 Hanover Street, New Oxford, PA 17350-1605
(d) At sentencing: Same as letter (c) Guillermo Bosh

_____

Page 12

(e) On appeal: _Guillermo Bosh_____

_____

(f) In any post-conviction proceeding: _Writ of Certiorari, Guillermo Bosh_

__abandoned Petitioner Cegledi just like on Direct Appeal_

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

**N/A**

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

**N/A**

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* _____

_____ **N/A** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: To grant the Motion on its face and vacate the conviction and sentence.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on DECEMBER 10, 2012 (month, date, year).

Executed (signed) on 12/10/2012 (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____
_____
_____

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
* * * * *

CARLOS CEGLEDI
REG. NO 16086-067
LOW SECURITY CORRECTIONAL INSTITUTION
POST OFFICE BOX 1000   ALLENWOOD
WHITE DEER, PENNSYLVANIA 17887-1000



LEGAL    MAIL




UNITED STATES
POSTAL SERVICE

1021        17101

U.S. POSTAGE
PAID
WHITE DEER,PA
17887
DEC 11..12
AMOUNT
$0.00
00059639-06



RECEIVED
HARRISBURG, PA
DEC 12 2012
MARY E. D'ANDREA, CLERK
Per _____

⇔16086-067⇔
United States
District Court
228 Walnut ST
Clerk of Court Office
Harrisburg, PA 17101
United States

1060


CERTIFIED MAIL



PRIORITY®
MAIL
UNITED STATES POSTAL SERVICE

Visit us at usps.com

Label 107R, January 2008