IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-08-218-01
:
**v.** :
:
**CARLOS CEGLEDI** :

# **M E M O R A N D U M**

## **I.        Introduction**

Before the court is a motion filed by Carlos Cegledi ("Cegledi") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (Doc. 380). Cegledi alleges that counsel was ineffective in his representation during trial and on appeal. For the reasons that follow, the motion will be denied without hearing.

## **II.        Procedural and Factual History**

The procedural history of this case is adequately set forth in the government's brief in opposition to the § 2255 motion (Doc. 395) and is adopted by this court. In essence, a second superseding indictment charged Cegledi with Criminal Attempt and Criminal Conspiracy to Distribute and Possession with Intent to Deliver Methamphetamine (Count 1); Criminal Conspiracy to Possess Firearms and Furtherance of Drug Trafficking (Count 2); Traveling in Interstate Commerce to Facilitate Drug Trafficking (Count 3); and Use of Communication Facilities to Facilitate Drug Trafficking (Count 4). (Doc. 178.) A jury trial was held on December 9 to 14, 2009. Cegledi was found guilty on Counts 1, 3 and 4. Post trial motions, an appeal to the United States Court of Appeals for the Third Circuit, a petition for writ of certiorari and for a rehearing were all denied.

The facts of this case are set forth in detail in the government's brief in opposition to the § 2255 motion (Doc. 395 at pp. 3-9) and are adopted by this court. The gist of the criminal conduct was a plot to transport 23 pounds of methamphetamine from Georgia to Pennsylvania for sale to one Antonio Pagan – a government informant. Although the substance delivered to the informant initially field-tested positive for methamphetamine, it was later found to contain no narcotics.

**III.     Discussion**

**A..     Ineffective Assistance of Counsel Standard**

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard has two prongs. First, the petitioner must show that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Id.* at 687-88, 691 (1984). The first prong requires the petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1993). The second prong of *Strickland* requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant a fair trial, a trial whose result is liable." *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Mannio,* 212 F.3d 835, 840 (3d Cir. 2000). With these precepts in mind, the claims of Cegledi will be addressed.

**B.     Cegledi's Allegations of Ineffective Assistance of Counsel**

Cegledi's motion contains fourteen (14) claims of ineffective assistance of counsel: (1) failure to investigate and impeach government witness Pagan; (2) failure to raise claims that Pagan's testimony was perjured; (3) failure to impeach Pagan and agents Taylor and Mihalopoulos; (4) ineffectiveness of attorney Levin for representing Cegledi despite a conflict of interest; (5) failure to seek dismissal of indictments and to object to speedy trial violations; (6) failure to object to Pagan's presence in the courtroom when other witnesses testified; (7) failure to question Detective Mish about his report; (8) Failure to raise certain issues for direct appeal; (9, 10, 11, 12) Failure to raise certain issues on appeal; (13) failure to object to the court's instruction; and (14) failure to introduce defendant's passport into evidence. These claims will be discussed below.

1. Failure to Investigate & Impeach Government Witness

Cegledi claims that counsel failed to investigate Pagan's background and/or prior convictions for purposes of impeachment. Cegledi argues that Pagan had a 1994 conviction for cocaine distribution and that case is docketed in the District of Puerto Rico at 3:94-CR-00198, as well as cases docketed at 04-CR-167 and 05-CR-102. The government notes that the name in the case numbered 3:94-CR-00198 appears as Antonio Pagan-Batista and that the Pagan in the instant case is Antonio Nicolas Pagan and is, therefore, a different person than the Puerto Rico Pagan. (Doc. 395 at p. 13 n.2.) Furthermore, the Pagan in the instant case has no conviction prior to 2008. (*See* Doc. 395-1, Affid. of Jeffrey Taylor.) Thus, any further investigation of counsel would have proven to be worthless.

Pagan did admit to his April 2008 arrest for distribution of drugs, as well as his past drug dealings. (Docs. 270 at p. 29 & 271 at pp. 8-9.) Thus, there was no other impeachment material to be produced. This claim is without merit.

> 2. Failure to Argue in Post Trial Motions and on Direct Appeal that Pagan's Testimony of No Arrests Prior to 2008 was Perjurious

Based on this court's discussion on Cegledi's preceding claim, Pagan did not have a criminal history prior to 2008. Therefore, Pagan's testimony was not perjurious.

> 3. Failure to Impeach Pagan & Agents Taylor and Mihalopoulos

Cegledi alleges that "It is clear from the record in this case that trial testimony that Antonio Pagan was not truthful and that the agents in the case knew it and AUSA Christy Fawcett knew it." (Doc. 380 at p. 33.) There was no false testimony given by Pagan concerning his prior record (*see* Part B-1 of this memorandum) or his illegal activity while a confidential informant. (*Id.*) Thus, there was no impeachment required.

As to the failure to impeach Officer Taylor and DEA Agent Mihalopoulos, Cegledi does not specify what evidence should have been used for this purpose. A conclusory statement without more results in a waiver of an argument. *Reynolds v. Wagner,* 128 F.3d 166, 178 (3d Cir. 1997) (citations omitted). This claim is without merit.

> 4. Attorney Levin's Conflict of Interest

On June 2, 2008, Jason Duncan was appointed to represent Cegledi. On September 16, 2008, Levin entered his appearance on behalf of Cegledi (Doc. 111). The next day, attorney Duncan moved to withdraw as counsel for Cegledi (Doc. 126). On October 27, 2009, attorney Bosch was appointed to represent Cegledi (Doc. 211). There was never an entry of appearance by attorney Todd Henry on behalf of Cegledi. Attorney Henry did represent a codefendant, Francisco Barrios.

Cegledi alleges that Todd Henry got Levin to represent him and controlled the case. There is nothing on the record to support these contentions. Cegledi claims that due to this alleged conflict of interest, Levin failed to (a) seek dismissal of the indictment for violation of the speedy trial act; (b) suppress the non-controlled substance; (c) seek an evidentiary hearing regarding the non-controlled substance which would have led to dismissal of the charges; (d) allow Cegledi to assist in his own defense, to testify on his own behalf, to impeach witnesses, and aid in pretrial and post trial motions; and (e) request a hearing to show the government misled the jury regarding the real substance at issue in the case. (Doc. 380 at 9-iii.)

Cegledi fails to present any factual or leal argument to support issue (a), failure to dismiss the indictment for violation of the speedy trial act. Therefore, this claim is waived.

Issues (b), (c), and (e) all pertain to the substance at issue in this case, i.e. that the substance was not methamphetamine but a sham substance. This issue was fully litigated on direct appeal. (*See United States v. Cegledi*, 441 F. Appx. 870, 872-73 (3d Cir. 2011.)  The Third Circuit Court of Appeals found against Cegledi on this issue. It would have been futile for counsel to have raised these issues.

Cegledi's claim that counsel's alleged conflict of interest negatively impacted on trial strategy, it is noted that Levin's representation of Cegledi ceased three months before trial. Cegledi had sufficient time with new trial counsel to change any strategy he felt necessary.

Throughout all of these accusations, Cegledi fails to state how these allegations of ineffective assistance of counsel occurred because of Levin's alleged conflict of interest. The claim of conflict of interest is without substance. No ineffectiveness claim is found.

### 5. Failure to Seek Dismissal of Indictment & Object to Speedy Trial Act Violation

As noted above, Cegledi presents no factual or legal argument in support of this claim. To the extent that the argument pertains to the issue that the substance was not methamphetamine when presented to the grand jury, this issue was addressed by the Third Circuit Court of Appeals and was decided against Cegledi. (*United States v. Cegledi*, 441 F. Appx. at 870.) In any event, to the extent that the initial indictment was grounded on actual methamphetamine, that error was corrected by the superseding indictment which alleged attempt and conspiracy to distribute 500 grams and more of methamphetamine. (Docs. 93 & 178.) Attempt and conspiracy were properly established by evidence that Cegledi believed the substance to be delivered was methamphetamine. (Doc. 395 at p. 21.)

### 6. Pagan's Presence in the Courtroom When Other Witnesses Testified

During the course of Pagan's testimony,[1] he referred to participating in a criminal offense while a confidential informant for the DEA. No DEA 6 (report of interview) was made by his handlers. This court conducted a hearing outside the presence of the jury. Defense counsel received no DEA 6 from the government on Pagan's illegal activity while a confidential informant. The agents involved with handling Pagan while he was a confidential informant were called to testify. It appears that no DEA 6 was compiled and the government never received any report of this incident.

Cegledi claims that Pagan should have been removed from the courtroom during this hearing so that his testimony could not be affected by what he heard at this

---

[1] Pagan was a confidential informant for the Drug Enforcement Administration and the government's chief witness in the trial of this case.

hearing.² Once again, Cegledi does not cite to where in Pagan's testimony there were areas impacted by his presence at that hearing.

Pagan was cross examined about the drugs for gun deal he made while he was a confidential informant. (Doc. 271, p. 152, line 11 to 153, line 25.) The jury heard about this undocumented incident. This claim has no merit.

### 7. Cross Examination of Detective Mish

Cegledi claims that this court's limitation of his counsel's cross examination of Mish's testimony was a violation of due process and that his counsel should have appealed this matter. Attorney Bosch was questioning Mish about a DEA report concerning a surveillance and the issue was whether Bosch was using the DEA report to impeach or whether he was questioning Mish about a surveillance that was not testified to during direct examination. The following transpired at trial:

> MR. BOSCH: Your Honor, yes. I think it's fair.
>
> THE COURT: You're not impeaching him?
>
> MR. BOSCH: Well, I don't know, Your Honor. I don't know if I'm impeaching him or impeaching another witness.
>
> THE COURT: I think you better, before you ask questions, know what you are doing.

(Doc. 272 at p. 66, lines 7-12.)

After a short recess, Bosch resumed his cross of Mish by questioning about an incident to which he did not testify, therefore he could not be impeached. Cegledi does not state what facts in Mish's report would have impeached him and would have been beneficial to his defense. This issue is without merit.

### 8. Failure to Raise Issues on Direct Appeal

---

²Pagan was apparently in the courtroom, sitting behind the prosecutor, during this hearing. (Doc. 271 at p. 46, line 24.)

Cegledi claims that counsel failed to argue that there was an insufficiency of evidence to support his conviction.  He also argues that counsel failed to raise the issue that he was convicted of delivering purported methamphetamine while the charging documents referred to methamphetamine.

On direct appeal, the Third Circuit Court of Appeals found that there was sufficient evidence to support the conviction and that there was sufficient evidence to establish attempt and conspiracy.  (*See United States v. Cegledi*, 441 F. Appx. at 872.)  This claim is without merit.

9 - 12.  Failure to Raise Certain Issues on Appeal

In each of the claims numbered above, Cegledi states ". . . attorney's performance violated the guarantees of the U.S. Constitution, amendment six, when he did not move to [dismiss the indictment or move for acquittal, or to dismiss judgment of conviction during the direct appeal, or move for acquittal during the direct appeal] on each of the below 'winning' facts, grounds and analysis."  (Doc. 380 at pp. 58-59.)  Nothing further is set forth in support of these claims.  These claims are deemed waived.

13 & 14.  Failure to Object to Court's Instructions

Cegledi argues that the court's charge was erroneous when it charged "the fact that the substance involved in this case was not real methamphetamine is no defense to the attempt charge or the conspiracy charge."  Cegledi claims this instruction amended the indictment.  As noted earlier, the superseding indictment amended the initial indictment by adding "attempt and conspiracy to distribute and possess with intent to distribute methamphetamine."  The Third Circuit Court of Appeals discussed this issue on direct appeal and dismissed the claim as to the fact

that the substance involved was not methamphetamine. (*See United States v. Cegledi,* 441 F. Appx. at 872.) These issues are without merit.

              15. Failure to Introduce a Copy of Cegledi Passport

Cegledi argues that his passport would demonstrate that he was in Argentina from January 21, 2008 through April 21, 2008 and, therefore, could not have been the source of the substance delivered to Pagan in February 2008. In support, Cegledi attached to his brief photocopies of the pages of his passport. (Doc. 380 at pp. 72-74.) These are not completely legible. In any event, this court adopts the government's argument that Cegledi need not have been present at the delivery if he, in fact, was the source of the methamphetamine. (Doc. 395 at p. 26.)

## IV. <u>Conclusion</u>

All of Cegledi's claims either failed to present grounds for incompetency and/or prejudice. For the foregoing reasons, the motion filed pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order will be issued.

                                                     <u>s/Sylvia H. Rambo</u>
                                                         United States District Judge

Dated: April 15, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-08-218-01
:
:
**v.** :
:
:
**CARLOS CEGLEDI** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Cegledi's motion filed pursuant to 28 U.S.C.§ 2255 is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                         s/Sylvia H. Rambo
                                         United States District Judge

Dated: April 15, 2013.