IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CASE NO. 1:CR-08-218-01**
:
:
**v.** :
:
:
**CARLOS CEGLEDI** :

# **M E M O R A N D U M**

## **I.    Introduction**

Before the court is a motion filed by Carlos Cegledi ("Cegledi") to alter, amend, reconsider, vacate and reverse the memorandum and order issued by this court on April 15, 2013 (Doc. 413) which denied relief requested in his motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (Doc. 380). The motion was filed pursuant to Federal Rules of Civil Procedure 52(b) and 59(e).

In Cegledi's § 2255 motion, he claimed that (1) government witness Pagan had felony convictions from Puerto Rico in 1994 and 1995 (Doc. 380, pp. 24-25); (2) the prosecutor violated due process in failing to disclose these convictions to trial counsel (*id.*, pp. 625-26); (3) had the prosecution not improperly suppressed this impeachment material, the court would have instructed the jury concerning consideration of the testimony of a witness with prior felony convictions (*id.*, pp. 29-30); and (4) trial counsel was ineffective for failure to discovery these convictions (*id.*, p.31).

Issues (1), (2) and (4) were addressed by this court and relief was denied by finding that the Pagan convictions of 1994 and 1995 in Puerto Rico were not convictions related to Antonio Nicolas Pagan, the witness in the instant case. (Doc. 413 at p. 3.)

In the instant motion, Cegledi claims that this court did not address the following issue: "the court would have been obligated to not remove from the jury's use the court's charge instruction on the prior convictions of Antonio Pagan. . . ." (Doc. 380 at p. 29.)

The government responded that this issue was raised for the first time in in Cegledi's reply to the government's response and therefore it is "time-barred." This court disagrees with the government as the claim was set forth in the initial habeas petition (Doc. 380).

At trial, Cegledi submitted a proposed point for charge as follows:

> You heard evidence that ANTONIO PAGAN, a witness, was previously convicted of a crime punishable by more than one year in jail. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe ANTONIO PAGAN and how much weight to give to his testimony.

At the trial, Pagan testified to his guilty plea to an offense of criminal conspiracy to distribution of cocaine and methamphetamine in the United States District Court for the Eastern District of Pennsylvania in 2008. This offense, as well as past involvement with drug trafficking and firearms, were presented. Pagan was thoroughly cross-examined about these offenses by defense counsel. (Doc. 271, Trial Transcript, at pp. 178-340.)

The court charged the jury as to the testimony of Antonio Pagan as follows:

> Now you have heard evidence that Antonio Pagan has an arrangement with the Government under which the Government will speak on his behalf at his sentencing in exchange for his providing information to the Government. Antonio Pagan's testimony was received in evidence and may be considered by you.
>
> The Government is permitted to present the testimony of someone who may benefit during the individual sentencing

>    for providing information to the Government.  But you should consider the testimony of Antonio Pagan with great care and caution.  In evaluating Antonio Pagan's testimony, you should consider this factor along with the others I have called to your attention.
>
>    You may give such testimony such weight as you think it deserves.  It is for you to determine whether or not Antonio Pagan's information or testimony may have been influenced by his arrangement with the Government. You have heard evidence that Antonio Pagan, a witness, was previously convicted of a crime punishable by more than one year in jail.  You may consider this evidence along with other pertinent evidence in deciding whether or not you believe Antonio Pagan and how much weight to give his testimony.

(Doc. 336, Trial Transcript, Day V Closing Statements and Jury Charge, at p. 103.)

It is this court's opinion that the whole charge as to Pagan's credibility is very favorable to Defendant and incorporates the proposed point for charge submitted by Cegledi's counsel.  Defense counsel was not incompetent for not challenging this part of the court's charge on appeal.  Therefore, this issue is without merit.  The court's previous order denying relief will be confirmed.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated:  September 4, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CASE NO. 1:CR-08-218-01**
:
**v.** :
:
**CARLOS CEGLEDI** :

# **O R D E R**

AND NOW, this 4th day of September, 2013, **IT IS HEREBY ORDERED THAT**:

1) Cegledi's motion to alter, amend, reconsider, vacate and reverse the memorandum and order issued by this court on April 15, 2013 (Doc. 417) is denied.

2) The order of April 15, 2013 (Doc. 413) is confirmed.

        s/Sylvia H. Rambo
        United States District Judge