No.   13-3958

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

CARLOS CEGLEDI

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee



APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HONORABLE JUDGE SYLVIA H. RAMBO
CASE NO. 1:08-CR-00218-001

MOTION REQUESTING ISSUANCE OF A
CERTIFICATE OF APPEALABILITY
Federal Rules of Appellate Procedure 22(b)
and Local Rule 22.0, 22.1, 22.2 and 22.3

with

MEMORANDUM IN SUPPORT

Carlos Cegledi
#16086-067
FCI Allenwood Low
P.O. Box 1000
White Deer, PA 17887

## TABLE OF CONTENTS

| | Page(s) |
|---|---|
| TABLE OF AUTHORITIES | ii |
| MOTION | 1,10 |
| MEMORANDUM IN SUPPORT | 2,10 |
| INTRODUCTION | 1 |
| JURISDICTION | 2 |
| LEGAL STANDARD FOR CERTIFICATE OF APPEALABILITY | 2,3 |
| FACTS OF THE CASE | 3,4 |
| REASONS WHY A CERTIFICATE OF APPEALABILITY SHOULD ISSUE | 4,5 |
| LEGAL ARGUMENT | 5,10 |
| CONCLUSION | 10 |
| CERTIFICATE OF SERVICE | 11 |

## TABLE OF AUTHORITIES

Page(s)

CASES:

Davis v. Alaska, 415 U.S. 308, 316 (1979) . . . . . . . .    6
Griffin v. Pierce, 622 F.3d 831, 841-42 (7th Cir. 2010). .   9
Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). .   3
Napue v. Illinois, 360 U.S. 264, 269 (1959). . . . . . . .   8
Slack v. McDaniel, 519 U.S. 473-83 . . . . . . . . . . . .   3
Strickland v. Washington, 466 U.S. 668, 687 (1984) . . . .   5
United States v. Are, 590 F.3d 499, 508 (7th Cir. 2009) .    8
United States v. Bagley, 473 U.S. 667, 679 n.8 (1984). . .   8
United States v. Boyd, 55 F.3d 239, 243 (7th Cir. 1995). .   9
United States v. Dorsey, 591 F.2d 922, 936 (D.C. Cir. 1978) 10
United States v. Price, 556 F.3d 900, 910 n.11 (9th Cir.
   2009) . . . . . . . . . . . . . . . . . . . . . . . . .   9
United States v. Saadeh, 61 F.3d 510, 523 (7th Cir. 1995).   8
United States v. Tingle, 183 F.3d 719, 728 (11th Cir. 1999). 8
Von Moltke v. Gillies, 332 U.S. 708, 719 (1948). . . . . .   6

No. 13-3958

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

CARLOS CEGLEDI

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

---

MOTION REQUESTING ISSUANCE OF A
CERTIFICATE OF APPEALABILITY
Fed. R. App. P. 22(b)

with

MEMORANDUM IN SUPPORT

---

Comes the Petitioner-Appellant in the above-entitled action, Carlos Cegledi, and moves this Honorable Court of Appeals for a Certificate of Appealability from the District Court's Order dated 4/16/2013.

Petitioner-Appellant (hereinafter "Cegledi") would show this Honorable Court of Appeals the following:

### INTRODUCTION

On April 15, 2013, the U.S. District Court for the Middle District of Pennsylvania at Harrisburg entered an opinion and order denying Cegledi's Motion filed pursuant to 28 U.S.C. § 2255 and declined to issue a Certificate of Appealability.

On 5/10/13, Cegledi, through Counsel Joseph Connors filed First Motion to Amend/Correct Findings and Memorandum or Judgment.

On 9/4/13, the U.S. District Court reaffirmed its denial of Cegledi's § 2255 Motion and declined to issue a Certificate of Appealability. Cegledi now requests a Certificate of Appealability from this Honorable Court of Appeals for the Third Circuit on his claims that 1) the Government knowingly used false testimony in trial against Cegledi which violated his due process rights, and 2) his trial counsel Guillermo Bosch was clearly ineffective when he failed to investigate the Government's witness's criminal record and failed to object to the trial court's erroneous jury instructions regarding the same Government witness which violated Cegledi's constitutional right to effective assistance of counsel.

Cegledi presents these claims to show that jurists should conclude the issues presented are adequate to deserve encouragement to proceed further.

## JURISDICTION

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1291 and 2253.

## LEGAL STANDARD FOR CERTIFICATE OF APPEALABILITY

By statute, a certificate of appealability is required for an appeal from a final disposition of a § 2255 Motion. See, 28 U.S.C. § 2253; Fed. R. App. P. 22(b). To obtain a certificate of appealability a petitioner must show both that "the soundness of

2.

the procedural ruling is debatable, and... [that] the underlying constitutional claim is also colorable." Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002).

This requires a showing that "reasonable jurists could debate ...whether...the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483 (2000). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong". Id. "Both showings must be made before the Court of Appeals may entertain an appeal." Id. @ 485.

Cegledi incorporates by reference the arguments made in Motion to Amend/Correct Findings and Memorandum or Judgment. In addition, Cegledi notes key points of his trial attorney's ineffectiveness and the colorable constitutional claim in which a reasonable jurist could arguably find that his trial counsel (and appellate counsel) was without a doubt "ineffective," and was sufficient to warrant an evidentiary hearing on the matter.

## FACTS OF THE CASE

On 12/10/2012, Cegledi filed a timely Motion to Vacate, Set Aside, or Correct a sentence as authorized by 28 U.S.C. § 2255. In that Motion, Cegledi raised fifteen grounds and attached supporting facts and exhibits. However, in this Motion Requesting Issuance of a Certificate of Appealability, Cegledi narrows down his consti-

3.

tutional grounds to:

a) Ground 1 - The Court's acceptance of the Government's incorrect version of the applicable federal law created a plain error at trial which prejudiced Cegledi by violating his right to due process and fair trial when the trial court relied on that incorrect version of applicable federal law and removed the proper instruction to the jury on how to utilize Antonio Pagan's (Government's witness) prior conviction as a factor in deciding his credibility.

b) Ground 2 - The Government knowingly used false testimony to obtain a conviction and thereby violated Cegledi's due process rights.

(c) Ground 7 - Trial counsel was ineffective for allowing the Court's plain error to go unchallenged during trial and direct appeal.

### REASONS WHY A CERTIFICATE OF APPEALABILITY SHOULD ISSUE

According to the analysis that the United States District Court ought to have conducted, reasonable jurists would have found debatable or wrong the Court's disposition of Cegledi's claims that 1) the Court committed plain error when it accepted the Government's incorrect version of applicable law concerning jury instruction as to the Government witness's prior conviction as a factor in deciding his credibility, 2) the Government knowingly

used false testimony to obtain the conviction, and 3) trial counsel provided ineffective assistance throughout the proceeding by allowing the plain errors to go unchallenged.

As such, jurists should have concluded that:

a) Cegledi's due process rights were violated when the jury could have weighed the value of Antonio Pagan's prior criminal conviction to decide whether Pagan's testimony was or was not credible,

b) the Government knowingly used false testimony to obtain the conviction and therefore violated Cegledi's due process rights, and,

c) trial counsel was ineffective for not challenging the plain errors at trial or on direct appeal.

The District Court's determination that Cegledi's trial counsel's ineffectiveness did not rise to the level of a constitutional claim was not based on the correct standard as set forth in **Strickland v. Washington**, 466 U.S. 668, 687 (1984).

## LEGAL ARGUMENT IN SUPPORT OF CERTIFICATE OF APPEALABILITY

The Government's main witness -- Antonio Pagan -- had pled guilty in the Eastern District of Pennsylvania on another indictment, but had not yet been sentenced. The Government seized the moment to incorrectly inform the Court that since Pagan had not yet been sentenced, he did not have a prior conviction that the jury had to be informed of to decide his credibility.

The trial court then committed plain error when it relied

on the Government's incorrect version of the applicable federal law of not so instructing the jury about how to utilize Pagan's prior conviction as a factor in deciding his credibility. In federal court, "a plea of guilty idffers in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction." Von Moltke v. Gillies, 332 U.S. 708, 719 (1948). Here, Pagan's guilty plea did qualify as a prior conviction. A prior conviction may be used to impeach a witness and should be considered by the jury in assessing the witness's credibility. Davis v. Alaska, 415 U.S. 308, 316 (1979) (evidence of prior conviction affords jury a basis to infer witness's untrustowrthiness, and is therefore, "a general attack on the credibility of the witness").

> The trial court told the jury:
>
> "You have heard evidence that Antonio Pagan, a witness, was previously convicted of a crime punishable by more than one year in jail. You may consider this evidence along with other pertinent evidence in deciding whether or not you believe Antonio Pagan and how much weight to give his testimony."
>
> -Trial trans. dated 12/11/2009 pg. 103 @ 19-24.
>
> At sidebar the Government told the Court:

AUSA Fawcett: "Tony Pagan does not actually have a prior conviction. He's pleaded guilty to the offense for which he was charged on April 5th, but he hasn't been sentenced."

The Court: "Doesn't he have a prior offense before this?"

AUSA Fawcett: "No."

Co-Defendant's Counsel Weitzmun: "I can tell you, under the sentencing guidelines, that would count as a prior conviction."

6.

**AUSA Fawcett:** "It doesn't count for purposes of the instruction."

-Trial trans. dated 12/11/2009 p. 124 @ 10-19

The trial court then retracted its original instruction and stated:

> "And I gave you a charge on impeachment of a witness with a prior conviction. Antonio Pagan does not have a prior conviction, and that has been removed from the charge."

-Trial trans. dated 12/11/2009 p. 127 @ 17-19

This back and forth by the trial court thoroughly confused the jury and was clearly plain error where Pagan had in fact pleaded guilty previously and did in fact have a prior criminal conviction. Such impeachment evidence of pleading guilty and thus having a prior conviction as a matter of law, did entitle Cedledi, upon objection, to have the District Court inform the jury that a prior conviction of a witness was a factor to be considered in weighing that witness's credibility. The trial court's error plainly deprived Cegledi of his constitutional rights to a fair trial and therefore a Certificate of Appealability should issue on this ground.

b) The Government knowingly used false testimony from its main witness -- Antonio Pagan who lied about his own prior criminal record and made several false statements or omissions while under oath at trial. Antonio Pagan was the Government's main witness and was, in part, acting at the direction of the Government. When the Government obtains a conviction through the knowing use of false testimony, it violates a defendant's due process rights.

7.

Napue v. Illinois, 360 U.S. 264, 269 (1959); United States v. Bagley, 473 U.S. 667, 679 n.8 (1984) (discussing the evolution of the rule in Napue).

Here Cegledi is entitled to and should be granted a new trial. To obtain a new trial, the defendant must establish: (1) that there was false testimony; (2) that the Government knew or should have known it was false; and (3) that there is a likelihood that the false testimony affected judgment of the jury. United States v. Saadeh, 61 F.3d 510, 523 (7th Cir. 1995). If the District Court finds all three criteria, it should grant this defendant a new trial. United States v. Are, 590 F.3d 499, 508 (7th Cir. 2009). Cegledi provided the District Court with a sworn affidavit from Federica Ramirez in support of the claim that Antonio Pagan had lied. Here, the Government did know or should have known that Pagan was lying, and it is safe to say that had the jury been informed of Pagan's false testimony, the outcome may have been different. The District Court abused its discretion when it simply ignored Cegledi's evidence attached to his claims and stated there was no other impeachment material to be produced, this claim is without merit. The District Court abuses its discretion when it makes an error of law or when it makes a clearly erroneous finding of fact. United States v. Tingle, 183 F.3d 719, 728 (11th Cir. 1999). According to Napue, supra, Cegledi is not required to prove that the witness could be successfully prosecuted for perjury. United States v. Boyd,

55 F.3d 239, 243 (7th Cir. 1995). The governing principle is simply that the prosecutor may not knowingly use false testimony, which includes half-truths and vague statements that could be true in a limited, literal sense but give a false impression to the jury. Id. When a prosecutor suspects perjury, the prosecutor must at least investigate further...it cannot simply ignore evidence that its witness is lying. United States v. Price, 556 F.3d 900, 910 n.11 (9th Cir. 2009). Since Pagan's testimony was false and the Government knew or should have known it was false, the issue becomes whether the District Court errs in finding that there was a reasonable likelihood that the false testimony could have affected the judgment of the jury. Griffin v. Pierce, 622 F.3d 831, 841-42 (7th Cir. 2010).

Without an evidentiary hearing to test the claims and testimony in the District Court, it cannot be said that the Court found Cegledi's claims to be without merit; and therefore on this ground as well, a Certificate of Appealability should issue.

c) Trial counsel Guillermo Bosch was clearly ineffective for allowing the District Court's plain error to go unchallenged at trial and later on direct appeal. Upon the District Court's refusal to so instruct the jury, defense counsel Bosch had a duty to preserve that issue for review on direct appeal by then promptly objecting to the District Court's ruling before the jury was released to deliberate. By failing to object to the Court's failure to so instruct the jury, and obtain a ruling on that

objection to preserve the issue for review on direct appeal, defense counsel's performance fell well below the applicable professional norm. That failure was prejudicial to Cegledi's right to litigate this issue on direct appeal, demonstrate reversible error, and thus obtain a reversal due to that error of the trial court. Since the error had not been preserved for review, defense counsel failed to raise that issue on direct appeal. But for counsel's deficient performance, the trial court would have given the proper instruction or the Court of Appeals would have found harm and reversed, if the error had been preserved for review on direct appeal. <u>United States v. Dorsey</u>, 591 F.2d 922, 936 (D.C. Cir. 1978). This Honorable Court of Appeals should vacate the District Court's denial of Cegledi's constitutional claims and remand for an evidentiary hearing to determine whether Cegledi received ineffective assistance of counsel at trial and on appeal, and whether the trial court's error warrants Cegledi a new trial.

## CONCLUSION

For the reasons stated this Motion Requesting Issuance of a Certificate of Appealability should be granted.

October 25, 2013                    Respectfully Submitted,

                                    _____
                                    Carlos Cegledi, pro se

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of Motion Requesting Issuance of a Certificate of Appealability to the following party on this 25th day of October 2013 via U.S. Mail:

Christy H. Fawcett
Assistant U.S. Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108

_____
Carlos Cegledi, pro se

```
Carlos Cegledi
Low Security Corr
Allenwood
P.O. Box 1000
White Deer, PA 17887
```



⇔16086-067⇔
United States
District Court- M. D. PA.
228 Walnut st.
Clerk of Court Office
Harrisburg, PA 17108
United States