IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:08-cr-218 |
| v. | : : : : : | |
| CARLOS CEGLEDI | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is Carlos Cegledi's motion for relief from final order under Federal Rule of Civil Procedure 60(b). (Doc. 534.) Because the motion is properly construed as a successive petition under 28 U.S.C. § 2255, filed without certification from the Third Circuit Court of Appeals, the motion will be denied.

**I.   Procedural History**

Cegledi was indicted in connection with a plot to transport twenty-three pounds of methamphetamine from Georgia to Pennsylvania for sale to Antonio Pagan, a government informant. Although the substance delivered to Pagan initially field-tested positive for methamphetamine, it was later found to contain no narcotics.

Following a jury trial, Cegledi was convicted of criminal attempt and conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine; traveling interstate to facilitate drug trafficking; and use of communication facilities to facilitate drug trafficking. For purposes of sentencing, Cegledi's advisory guidelines range was calculated as 292 to 365 months

imprisonment based on a total offense level of 40 and criminal history category of I. The court ultimately sentenced Cegledi to 234 months after granting him a twenty-percent variance because the drugs involved in the conspiracy were not actually a controlled substance.

Cegledi appealed his conviction. In its decision denying his appeal, the Third Circuit Court of Appeals found that a defendant can be guilty of an attempt to sell drugs—even if the purported drugs turn out to be a non-controlled substance—"so long as there is a 'strong evidentiary basis' to show that the defendant believed the drugs to be real and intended to distribute them as such." *United States v. Cegledi*, 441 F. App'x 870, 872 (3d Cir. 2011) (quoting *United States v. Cooper*, 121 F.3d 130, 135 (3d Cir. 1997)). The Third Circuit determined that "there was sufficient evidence to establish that [Cegledi] believed the substance he was transporting was real methamphetamine." *Id.* at 872. The Supreme Court denied Cegledi's petition for writ of certiorari and his petition for rehearing. *See Cegledi v. United States*, 132 S.Ct. 862 (2011) and 132 S.Ct. 1631 (2012).

On December 12, 2012, Cegledi filed a timely § 2255 petition and brief in support. (Doc. 380). In the petition, Cegledi claimed, in part, that his attorneys were ineffective by not seeking dismissal of the indictments against him because (1) the agent misled the grand jury when he testified that the recovered substances in this case field-tested positive for methamphetamine, and (2) the government could not

establish criminal intent when the substance was not actually methamphetamine. (*Id.* at p. 10-i.) On April 15, 2013, the court denied the § 2255 petition by memorandum and order. As to the above arguments, the court found:

> [T]o the extent that the argument pertains to the issue that the substance was not methamphetamine when presented to the grand jury, the issue was addressed by the Third Circuit Court of Appeals and was decided against Cegledi. In any event, to the extent that the initial indictment was grounded on actual methamphetamine, that error was corrected by the superseding indictment which alleged attempt and conspiracy to distribute 500 grams and more of methamphetamine. Attempt and conspiracy were properly established by evidence that Cegledi believed the substance to be delivered was methamphetamine.

(Doc. 415 p. 6 (citation omitted).)

On May 10, 2013, Cegledi filed a document titled, "Petitioner Cegledi's Opposed Motion to Alter, Amend, Reconsider, Vacate and Reverse the Court's Factual Findings and Judgment." (Doc. 417.) In the Motion, Cegledi asked the court to vacate the order denying his § 2255 motion and to grant an out-of-time direct appeal under Federal Rules of Civil Procedure 52(b) and 59(e). (Doc. 417 p. 1.) On September 4, 2013, the court denied the motion, finding that all the grounds for relief were either already adjudicated or meritless. (Doc. 439.)

After filing various other motions which lacked merit, Cegledi filed a "Motion to Re-Open Habeas Proceedings" on July 8, 2019 (Doc. 497). In that motion, he argued under Federal Rule of Civil Procedure 60(b) that the court should re-open his previous petitions to vacate his conviction because the methamphetamine underlying

his conviction "was fake." (*Id* at p. 2.) On July 11, 2019, the court denied the motion, finding that it should be treated as a successive habeas petition under § 2255, which was filed without certification from the Third Circuit. (Doc. 498.)

It is against this backdrop that Cegledi has again filed, through counsel, what is essentially another habeas petition styled as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). In this motion, Cegledi requests either that his sentence be vacated or that the second superseding indictment be dismissed. (Doc. 535). He argues that: (1) a fraud was perpetrated upon the court by the Government; and (2) that the court lacks subject matter jurisdiction because the substances transported by Cegledi were found not to contain methamphetamine after laboratory analysis but were, instead, common cutting agents.

## II.     Discussion

Rule 60(b) of the Federal Rules of Civil Procedure permits a party to seek relief from final judgment and request that his case be re-opened under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005). The rule also provides that a party may seek re-opening for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

A motion for relief under 60(b) may be considered in federal habeas proceedings provided it is not inconsistent with applicable federal statutes and rules,

including the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA")[1] requirement that a second or successive motion for relief under § 2255 must be certified by the Court of Appeals as containing certain newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). Absent the proper certification, district courts lack jurisdiction to decide second or successive § 2255 motions, no matter what they are titled. *Gonzalez*, 545 U.S. at 528. Therefore, prior to reaching the merits of a 60(b) motion, the district court must first determine whether the filing is actually a § 2255 petition in disguise by examining whether the motion "attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction," in which case the motion may be adjudicated on the merits, or whether it "seeks to collaterally attack the petitioner's underlying conviction," in which case the motion must be treated as a successive habeas petition. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

The essence of Cegledi's argument is that the drugs involved in the trafficking scheme were fake and, therefore, the second superseding indictment should be dismissed and his sentence vacated. Ignoring that he has made—and lost—this argument numerous times, the court has no jurisdiction to decide the matter. His argument challenging the lawfulness of his prosecution for fake drugs is a collateral

---

[1] The AEDPA deals with the rights of all persons in state or federal custody to file a petition in federal court seeking the issuance of a writ of habeas corpus. For federal prisoners making constitutional arguments, as Cegledi is here, such habeas relief is available pursuant to § 2255.

attack on his conviction and sentence, rather than on any subsequent habeas proceeding, and it therefore must be made under § 2255.[2] *See In re Adderly*, 522 F. App'x 151, 153 (3d Cir. 2013) ("The Petition.... presents the same issue he has tried unsuccessfully to pursue in his two Rule 60(b) motions, and like his Rule 60(b) motions, it seeks to advance one or more substantive claims attacking his armed career criminal sentence. It thus qualifies as second or successive section 2255 motion which cannot proceed in the district court without prior authorization from a court of appeals."); *United States v. Melendez*, No. 1:14-CR-00266, 2018 WL 691206, at *2 (M.D. Pa. Feb. 2, 2018) ("[I]t appears that Defendant is attempting to assert that his classification as a career offender was unlawful and that, therefore, his sentence should be reduced ... Thus, Defendant's instant 60(b) motion is an attempt

---

[2] Although Cegledi has creatively styled his motion as a fraud on the court resulting from the laboratory analysis of the sham methamphetamine, it is abundantly clear from the record that the court, the jury, and the defendant were well aware that the "methamphetamine" recovered in this case was, in fact, only cutting agents. Thus, it appears this argument is just another attempt at challenging his prosecution.

Further, Cegledi's argument that the court lacked subject matter jurisdiction over a prosecution for attempt to traffic fake or sham drugs cannot properly be considered by the court because it is not a new rule of constitutional law made retroactive by the Supreme Court. In any event, the case upon which Cegledi relies, *McFadden v. United States*, 576 U.S. 186 (2015), does not conclude that the court lacked subject matter jurisdiction, and, regardless, it is not relevant to this matter. In *McFadden*, the defendant knew that he was, in fact, distributing bath salts, rather than what he thought were bath salts. The issue in the case was whether he had knowledge that the bath salts were a controlled substance regulated under the Controlled Substances Act or an Analogous Act. *Id.* at 192. Here, however, the jury found that Cegledi believed he was distributing a controlled substance, although that substance was later found to be a sham.

to collaterally attack his sentence and conviction, and it amounts to a second motion under § 2255. Since Defendant has not sought the Third Circuit's authorization to file such motion, we lack jurisdiction to entertain it."); *United States v. Diaz*, No. 1:06-CR-199, 2020 WL 4700698, at *2-3 (M.D. Pa. Aug. 13, 2020) ("Diaz's motion is easy to classify. Although styled under Rule 60(b), it raises, for the first time, a challenge to his sentence based on an alleged Guidelines error. Such a motion, seeking "to add a new ground for relief," is expressly included in *Gonzalez's* examples of habeas applications that advance a "claim." And because Diaz's Rule 60(b) motion is actually a second or successive Section 2255 motion, for which he has not received Third Circuit authorization to file, this court does not have jurisdiction to entertain it.") (internal citation omitted).

Cegledi has already filed a motion under § 2255 and he has not obtained the necessary certification from the Court of Appeals to file a successive one. As such, the court lacks jurisdiction to decide the motion on its merits, and thus it will be denied.

### III. Conclusion

For the reasons stated above, the court will construe Cegledi's motion as a successive petition under 28 U.S.C. § 2255, filed without certification from the Third Circuit Court of Appeals, and deny it without prejudice to his right to re-file after

first receiving authorization from the Third Circuit for a successive motion in accordance with 28 U.S.C. §2255(h).

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Date: April 25, 2024